CAMMACK ET AL., APPELLEES, *v.* V. N. HOLDERMAN & SONS, INC., APPELLANT.

(No. 279—Decided October 1, 1973.)

*Messrs. Bieser, Greer & Landis, Mr. Charles D. Shook* of counsel, for appellant.

*Mr. Thomas W. Sprinkle,* for appellees.

HUNSICKER, J. An appeal has been lodged in this court by the defendant, V. N. Holderman and Sons, Inc., from a judgment denying a motion (1) to reconsider a summary judgment, and (2) for a stay of the proceedings pending a trial of an appropriation case.

The "petition" was filed against Holderman by Ivan O. Cammack and Donna B. Cammack on March 16, 1964. On November 23, 1964, an amended petition was filed, to which an answer was filed on May 21, 1966. After some legal skirmishing, a motion for summary judgment was filed by the Cammacks, appellees herein.

The motion for summary judgment was granted February 23, 1972, and twenty-seven days later, a "motion of defendant for reconsideration and for a stay" was filed. Except as provided by App. R. 26, we know of no rule of the common pleas court which provides for this type of motion. Rule 9 of the Rules of Practice of the Ohio Supreme Court provides for a motion for "rehearing." The motion

for reconsideration, as filed, must be treated as a motion for new trial, under Civ. R. 59 and, under that rule, the motion must be filed within fourteen days. The court, however, did pass on the motion, although we believe it had no jurisdiction to do so, unless we conclude that the error was waived.

The motion for "reconsideration" was denied on November 16, 1972, and a notice of appeal was filed on December 18, 1972, which (because under Civ. R. 6, a Saturday and Sunday are not to be counted) was timely filed.

Whether it was wise or unwise, or whether we of this court, if we had been the court of common pleas, would have rendered the same judgment as we review herein, is not a matter which we must discuss. We are, however, astounded that any case at law requires so much delay in reaching a conclusion.

The assignments of error are:

"1. The court below erred in overruling defendant's motion to reconsider the summary judgment granted to the plaintiffs.

"2. The court below erred and committed an abuse of discretion in not staying this action until the appropriation case is heard."

We must first direct our attention to the question of the jurisdiction of this court to entertain this appeal. The basis of the appeal is the granting of a summary judgment on the issue of liability only. That order fixing liability did not dispose of the matter of damages. The question of what damages, if any, to which the Cammacks were entitled, was ordered assigned for hearing before a jury.

Civ. R. 56(C) says, in part:

"A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

This rule supersedes R. C. 2311.041 in which the same provision is set forth under paragraph(B) of that statute. We must also remember that R. C. 2505.02 with its definition of "final order," was not repealed or changed with the adoption of the civil rules or the appellate rules.

In *City of Kettering* v. *Slothower,* 109 Ohio App. 547, the court said:

"An interlocutory order is not a final order within the meaning of Section 2505.02, Revised Code, and an appeal will not lie therefrom."

In *Davis* v. *Finch,* 115 Ohio App. 104, the court said:

"A summary judgment on an issue of liability alone, leaving the question of damages to be later submitted to a jury, is interlocutory in character and not appealable."

The case of *Davis* v. *Finch, supra,* was determined prior to the effective date of the civil rules; however, a discussion of the right to appeal a summary judgment may be found in volume 10 of West's Ohio Practice. Under Rule 56, page 282, the text reads:

"* * * if a court in passing on a motion for summary judgment does not render a summary judgment on the whole case, but does, pursuant to paragraph (C) of the statute, make an order specifying the facts that are without controversy, such an order is not a final order, and therefore is not immediately reviewable. If, however, after trial, a final judgment is entered, an appellate court, in reviewing such final judgment, undoubtedly has the power to reverse for error in the entry of the order specifying the facts that are without controversy."

Our rule regarding summary judgments follows the Federal Rules of Civil Procedure. The case of *Leonard* v. *Socony-Vacuum Oil Co., Inc.,* 130 F. 2d 535, was an action for damages, where, on motion, a portion of the claim was decided in favor of the defendant. The balance of the claim was remanded for trial, but the plaintiff appealed, and the court said that a partial summary judgment, granted under federal rules, is not a "final judgment," and is not appealable. See, also: *Coffman* v. *Federal Laboratories, Inc.,* 171 F. 2d 94 at 98; *Tye* v. *Hertz Drivurself Stations, Inc.,* 173 F. 2d 317; and *Wynn* v. *Reconstruction Finance Corp.,* 212 F. 2d 953 at 955.

It is the conclusion of this court that the order fixing liability herein is an interlocutory order and cannot be considered a final order and the subject of an appeal to this

82

court. The court, therefore, dismisses the appeal *sua sponte* for the reason that the court lacks jurisdiction to entertain such an appeal.

*Appeal dismissed.*

BRENNEMAN, P. J., and VICTOR, J., concur.

BRENNEMAN and VICTOR, JJ., of the Ninth Appellate District, sitting by designation in the First Appellate District. HUNSICKER, J., retired, assigned to duty pursuant to Section 6(C), Article IV of the Constitution.