HUGHES ET AL., APPELLEES, *v.*
MINER, APPELLANT.

(No. 1330—Decided March 26, 1984.)

Mr. *Harry L. Griffith,* for appellees.
Mr. *David E. Williams,* for appellant.

FORD, J. In the early 1970's an Ohio corporation known as Deerfield Estates, Inc. attempted to construct and develop a mobile home park on a one hundred ten acre tract of land in northern Portage County. The project was principally financed by the County Savings and Loan Association of Ravenna. Appellant, John T. Miner, was an officer of Deerfield Estates; appellees, Warner Hughes and Smith and Gough, Inc., were the general contractor and subcontractor, respectively, engaged in the construction and development of the mobile home site. In the latter part of 1973, the development began to experience financial difficulties.

Appellees were aware of the financial difficulties of Deerfield Estates. In August 1973, a meeting was held at the construction site between appellees and the appellant. It is alleged by appellees that at that meeting the appellant personally guaranteed the indebtedness of Deerfield Estates to each of the appellees up to the sum of $10,000.

On October 22, 1974, County Savings and Loan filed an action against Deerfield Estates to foreclose its mortgage in the Portage County Court of Common Pleas in a case styled *County Savings and Loan Company* v. *Deerfield Estates, et al.,* case No. 74 CV 1405. Appellees were made party defendants to the foreclosure proceeding on the basis of mechanics' liens they held against Deerfield Estates' real property. Appellant was also made a party to the proceeding on a cross-claim filed by Warner Hughes, Inc.

In case No. 74 CV 1405, Warner Hughes and Smith and Gough alleged that John T. Miner was personally indebted in the sum of $10,000 to each of them upon the oral guarantee he made in August 1973. In November 1975, the court granted a judgment against Deerfield Estates only.

On December 22, 1975, appellees commenced this suit against appellant in the Portage County Court of Common Pleas, case No. 75 CV 1792. The first claim of the complaint was upon the oral guarantee alleged to have been made by the appellant for the indebtedness of Deerfield Estates to appellees. The second claim sought to enforce an alleged promise by appellant to obtain additional financing for Deerfield Estates. Appellant filed an answer to the complaint and thereafter filed an amended

answer specifically setting forth various defenses, including alleged setoffs. At the same time, a third-party complaint was filed by the appellant against County Savings and Loan Association.

Appellees filed a motion for summary judgment on the first claim of the complaint. A hearing was held on appellees' motion for summary judgment and on May 15, 1981, the court of common pleas granted appellees' motion for partial summary judgment against appellant. A judgment entry was filed with the court of common pleas on July 17, 1981.

Appellant appealed the judgment entry of July 17, 1981 to this court in case No. 1170. The appeal was immediately dismissed on September 22, 1981 on the grounds that the July 17, 1981 judgment entry of the court of common pleas was not a "final appealable order."

On February 3, 1983, a nunc pro tunc judgment entry was filed with the Portage County Court of Common Pleas granting summary judgment in favor of appellees with the express statement that there was no just reason for delay. Appellant brings this appeal from the nunc pro tunc judgment entry filed with the Portage County Court of Common Pleas on February 3, 1983, in case No. 75 CV 1792.

Appellant presents three assignments of error:

"1. The nunc pro tunc judgment entry of the trial court under the date of February 3, 1983, is erroneous, must be vacated, and judgment entered in favor of defendant-appellant and against plaintiffs-appellees in that plaintiffs-appellees are barred from asserting any claims as to the personal liability of defendant-appellant under the doctrines of res judicata and the statute of frauds.

"2. The trial court's nunc pro tunc judgment entry under the date of February 3, 1983, is erroneous and must be vacated in that it is not in conformity with the record in the Common Pleas [Court] nor with the determination of this Court in Case No. 1170.

"3. A trial court cannot grant summary judgment where the moving party has failed to carry its burden of proving that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Appellant in his first assignment of error submits the defenses of res judicata and the statute of frauds.

Appellant's claim as to the applicability of the statute of frauds is without merit. While the statute of frauds requires that a promise to answer for the debt of another be in writing, there are situations which take the promise outside the statute:

"* * * so long as the main purpose of the promisor is to further his own business or pecuniary interest, the promise is enforceable." *Wilson Floors Co.* v. *Sciota Park Ltd.* (1978), 54 Ohio St. 2d 451, at 459 [8 O.O.3d 444].

An oral promise to pay the debt of a corporation, by one who owns substantially all the stock in that corporation, is not within the statute of frauds. The primary object of such a promise is to subserve the promisor's own interest. *Texas Co.* v. *Seaboard Natl. Bank* (1926), 26 Ohio App. 104. Additionally, partial performance clearly referring to some contract may be established by parol evidence. *Shahan* v. *Swan* (1891), 48 Ohio St. 25, at 37. There is no dispute that appellees' performance was sufficient to permit parol evidence.

Appellant's argument as to the applicability of the doctrine of res judicata is also not well-taken.

"Where a judgment is relied upon as determining an issue against a party to the judgment and estopping that party from relitigating that issue, the one so relying on that judgment must allege and prove that the judgment necessarily determined that identical issue." *First*

*Natl. Bank of Cincinnati* v. *Berkshire Life Ins. Co.* (1964), 176 Ohio St. 395 [27 O.O.2d 360], paragraph one of the syllabus.

Appellant has failed to sustain his burden of proof. Neither the prayer nor the judgment of the prior case is a part of the original papers. There is nothing in the present record to evidence the previous court's decision on the issue of appellant's personal liability. The only recitation of the prior court's findings appears as an exhibit in appellant's brief. However, this is not part of the record, nor can it cure an otherwise inadequate record. App. R. 9(A); Local Rule V(B)(1) of the Eleventh Appellate District. Thus, the doctrine of res judicata will not bar the present suit against appellant.

Appellant's second assignment of error questions the validity of the nunc pro tunc entry.

The nunc pro tunc order was issued merely to make the court's original judgment comply with Civ. R. 54(B). This court had dismissed the appellant's original appeal because there was no final appealable order. Thus, the court's use of a nunc pro tunc order to correct his error was permissible. *Webb* v. *Western Reserve Bond & Share Co.* (1926), 115 Ohio St. 247; 32 Ohio Jurisprudence 2d (1975) 329, 339, Judgments, Sections 122 and 133.

Appellant's second assignment of error is without merit.

Appellant in his third assignment of error submits that summary judgment was incorrectly granted because a genuine issue of material fact remains.

Appellant's claim of various setoffs is a valid issue that should be addressed. Appellees' affidavits may have been sufficient to decide liability; but the issues as to the amount of liability remain. Although there is no specifically labeled counterclaim in appellant's answer, his stated defenses in substance and legal effect are counterclaims calling for affirmative action on appellant's behalf. *Hill* v. *Butler* (1856), 6 Ohio St. 207, at 216; *Wiswell* v. *First Congregational Church* (1862), 14 Ohio St. 31. The issue of appellant's alleged setoff is a genuine issue of fact and, therefore, cannot be disposed of on summary judgment. *Swanson* v. *Ridge Tool Co.* (1961), 113 Ohio App. 357, at 358-359 [17 O.O.2d 385]; Civ. R. 56(C).

For the above reasons, the judgment of the trial court is reversed on the issue of the amount of liability, and remanded to the trial court for further proceedings.

*Judgment accordingly.*

COOK, P.J., and DAHLING, J., concur.