SUMMIT PETROLEUM, INC., Appellee and Cross–Appellant,

v.

K.S.T. OIL & GAS COMPANY, INC., Appellant and Cross–Appellee.

[Cite as *Summit Petroleum, Inc. v. K.S.T. Oil & Gas Co., Inc.* (1990), 69 Ohio App.3d 468.]

Court of Appeals of Ohio,
Summit County.

No. 14552.

Decided Sept. 19, 1990.

*J. Michael Gatien*, for appellee and cross-appellant.

*L. James Martin* and *Susan L. Durr*, for appellant and cross-appellee.

Reece, Presiding Judge.

K.S.T. Oil & Gas Company, Inc. ("K.S.T.") appeals the trial court's decision granting partial summary judgment in favor of Summit Petroleum, Inc. ("Summit"), on the issue of liability under a natural gas contract. Summit cross-appeals the court's denial of its claims for punitive damages and pre-judgment interest.

We must first direct our attention to the question of whether this court presently has jurisdiction to entertain the appeal and cross-appeal. The basis of the appeal is the granting of a summary judgment to the plaintiff on the issue of liability only. That order fixing liability did not dispose of the matter of damages, as Summit's cross-motion for summary judgment, which the trial court granted, sought judgment only as to the issue of liability. Accordingly, the question of what damages, if any, to which Summit is entitled, remains undetermined.[1]

---

1. K.S.T.'s motion for summary judgment on liability only suggested that the issue of damages, if reached, should be referred to the court's referee.

 Civ.R. 56(C) says, in part:

"* * * A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

In *Davis v. Finch* (1961), 115 Ohio App. 104, 20 O.O.2d 216, 184 N.E.2d 596, the court held that summary judgment on an issue of liability alone, leaving the question of damages to be later determined, is interlocutory in character and not appealable. Accordingly, the interlocutory nature of such an order precludes immediate appeal. *Cammack v. V.N. Holderman & Sons* (1973), 37 Ohio App.2d 79, 80–81, 66 O.O.2d 135, 136, 307 N.E.2d 38, 39–40. See, *e.g., Hughes v. Miner* (1984), 15 Ohio App.3d 141, 15 OBR 233, 473 N.E.2d 53. That the order of the trial court is captioned "final appealable order," and that the court noted therein "[t]he entry shall be considered the journal entry of the court for purposes of appeal or otherwise," is of no moment. A trial court cannot transform that which is not, by its nature, a final appealable order, into the same by mere appellation.

Accordingly, the trial court's order determining K.S.T.'s liability, and denying Summit's claims for punitive damages and prejudgment interest, is an interlocutory order and cannot be considered a final order subject to appeal to this court. The appeal and cross-appeal are ordered dismissed for lack of a final appealable order.

*Judgment accordingly.*

BAIRD and CACIOPPO, JJ., concur.