DECISION AND JUDGMENT ENTRY
Defendants-Appellants John Bailey and Linda Bailey appeal from the judgment of the Scioto County Court of Common Pleas, which granted summary judgment in favor of Plaintiffs-Appellees Delbert Ball, Geneva Ball, David Potts, and Heidi Potts. In so ruling, the trial court quieted title to a certain parcel of real estate in favor of appellees.
Among other arguments, appellants argue that the trial court erred by granting summary judgment to appellees when there was no such motion pending before the trial court. We agree and reverse the judgment of the trial court and remand the action for further proceedings not inconsistent with this opinion.
Statement of the Case and Facts
 I. The Initial Trial Court Proceedings
This is the third visit this case has had to this Court in roughly the past four years. The following review of the facts pertinent to this appeal is partly reproduced from our decision in Ball v.Bailey (May 12, 1998), Scioto App. No. 97CA2514, unreported.
Appellees are the owners of certain real estate along State Route 140 in Bloom Township, Scioto County, Ohio. Much of the frontage of their property consists of abandoned railway tracks. A driveway built over these abandoned tracks links the property to the roadway.
Appellants live on the other side of State Route 140 and, several years ago, approached CSX Transportation, Inc. (CSX), the railroad company that had the tracks, and inquired about purchasing their interest. CSX eventually sold them its interest in approximately four acres of land including the frontage across appellees' property.
A quitclaim deed was filed with the Scioto County Recorder's Office on August 27, 1992, conveying the interest in the tracks to appellants. They reportedly offered to sell some of this property to appellees, so that appellees could obtain access to State Route 140, but their offer was refused. Appellants then supposedly tried to block appellees from using the driveway over the tracks. This precipitated commencement of the action below.
Appellees filed suit in September 1992, alleging that they were the fee owners of the disputed property and had acquired their interest either by conveyance or by adverse possession. They further alleged that appellants had trespassed on the premises and interfered with their use and enjoyment of the property. Appellees demanded judgment, which included quieting title in their favor to the disputed land and $5,000 in damages.
Appellants filed an answer asserting their own interest in the property and denying any interest on the part of their opponents. They further counter-claimed asserting that appellees had trespassed on the property and interfered with a prospective sale thereof. Appellants demanded compensatory damages in the amount of $8,500 and punitive damages in the amount of $25,000. A preliminary injunction was entered in December 1992, ordering both sides to refrain from inhibiting the other's use of the land during the pendency of these proceedings.
A motion for summary judgment was filed by appellees in January 1994, arguing that the interest previously held by CSX, and subsequently sold to appellants, was merely a railroad right-of-way or easement and had been abandoned. Appellees then took the position that, after abandonment, the easement reverted to them as owners of the servient estate.
The lower court filed a decision in March 1996, sustaining the motion for summary judgment. Judgment was entered in June 1996, finding that appellees were the owners of the fee simple interest in the disputed land and ordering their title therein be quieted as against any interests of appellants.
II. The First Appeal
An immediate appeal was taken to this Court but, due to the unresolved trespass claim asserted by appellees, was dismissed for lack of a final appealable order. See Ball v. Bailey (Mar. 27, 1997), Scioto App. No. 96CA2445, unreported. The trial court responded by filing a nunc protunc entry which was, essentially, identical to its previous judgment but included a finding of "no just reason for delay" pursuant to Civ.R. 54(B).
III. The Second Appeal
Again, appellant appealed the trial court's granting of summary judgment to this Court. We reversed the judgment of the trial court finding that, based on the evidentiary materials submitted by the parties in support of and contra to the motion for summary judgment, there was a genuine issue of material fact as to whether appellees owned the servient estate. The case was remanded to the trial court for further proceedings consistent with our decision. See Ball v. Bailey (May 12, 1998), Scioto App. No. 97CA2514, unreported.
IV. The Trial Court Proceedings on Remand
Upon remand to the trial court, the parties stipulated that CSX abandoned the right-of-way in 1984. They also stipulated that the expert testimony of Steve Willard, a local attorney who had performed a title search on the disputed property, was to be treated as evidence in the present action. Mr. Willard had concluded that appellees owned the servient estate. This testimony was elicited in a companion case, Ballv. Crabtree (Dec. 10, 1998), Scioto App. No. 97CA2557, unreported.
The deposition of Richard Howerton, a licensed surveyor who also conducted a title search of the disputed property, was also filed with the trial court. Mr. Howerton's opinion was consistent with Mr. Willard's — i.e. that appellees owned the disputed property.
The trial court conducted a bench trial in August 1999. Appellee John Bailey and David Crabtree, a neighbor, testified at the trial on behalf of appellees. Appellants Geneva Ball and Donna Potts testified on their own behalf.
Following the trial, the trial court filed an entry setting forth deadlines for the parties to file post-trial briefs and proposed findings of fact and conclusions of law. In October 1999, appellees filed their post-trial brief and proposed findings of fact and conclusions of law. One month later, appellants filed their own proposed findings of fact and conclusions of law.
On February 7, 2001, in a maneuver that puzzles this Court, the trial court granted a non-pending motion for summary judgment in favor of appellees. In so doing, the trial court held that CSX did not have a fee interest in the disputed property and used the property under an easement that had been abandoned. Upon this abandonment, the trial court concluded that the property reverted to appellees as owners of the servient estate. Finally, the trial court stated that the appellants and appellees each had claimed damages for trespass, "but neither offered any evidence of specific damages and the claims are dismissed."
Analysis of the Issues Presented
 I. Assignments of Error
Appellants timely filed a notice of appeal and present the following assignments of error for our review.
First Assignment of Error:
 THE TRIAL COURT ERRED BY GRANTING A SUMMARY JUDGMENT IN A CASE WHERE NO MOTION WAS PENDING.
Second Assignment of Error:
 THE TRIAL COURT ERRED BY NOT DETERMINING THAT THE RAILROAD OWNED THE PROPERTY IN QUESTION IN FEE SIMPLE WHEN IT TRANSFERRED THE PROPERTY TO DEFENDANT-APPELLANT.
Third Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN FINDING THAT PLAINTIFFS-APPELLEES ARE THE OWNERS OF THE SERVIENT ESTATE.
Fourth Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT DEFENDANTS-APPELLANTS ARE THE OWNERS OF THE PROPERTY DESCRIBED IN VOLUME 853, PAGE 775 OF THE SCIOTO COUNTY DEED RECORDS BY VIRTUE OF A PROPERLY EXECUTED AND RECORDED DEED WITHIN THE LEGAL CHAIN OF TITLE.
Fifth Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT DEFENDANTS-APPELLANTS ARE THE OWNERS OF THE PROPERTY DESCRIBED IN VOLUME 853, PAGE 775 OF THE SCIOTO COUNTY DEED RECORDS BY VIRTUE OF ADVERSE POSSESSION.
Sixth Assignment of Error:
 THE JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE IN THAT PLAINTIFFS-APPELLEES HAVE NO INTEREST IN THE PROPERTY AS ABUTTING LANDOWNERS.
II. Final Appealable Order
Initially, we must address a threshold jurisdictional issue. If the judgment entered below does not constitute a final appealable order, then we, as an appellate court, do not have jurisdiction over this appeal. Ohio law provides that appellate courts have jurisdiction to review the final orders or judgments of lower courts in their district. See, generally, Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. A final order or judgment is one, which affects a substantial right and, in effect, determines the action. See R.C. 2505.02.
If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and it must be dismissed. In the event that the parties involved with the appeal do not raise this jurisdictional issue, then we must raise it sua sponte. SeeWhitaker-Merrell v. Geupel Co. (1972), 29 Ohio St.2d 184, 186,280 N.E.2d 922, 924.
Civ.R. 54(B) provides in pertinent part:
 When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the parties only upon express determination that there is no just reason for delay. In the absence of such determination, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order * * * is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable. See Noble v. Colwell (1989), 44 Ohio St.3d 92,540 N.E.2d 1381. Civ.R. 54(B) is designed to be used only in those situations where there are multiple claims or parties, and there is an otherwise final adjudication of less than all of the claims or rights of the parties. SeeFireman's Fund Ins. Co. v. BPS Co. (1982), 4 Ohio App.3d 3,446 N.E.2d 181. The general purpose of Civ.R. 54(B) is to strike a reasonable balance between the policy against piecemeal appeals and the possible injustice sometimes created by the delay of appeals. See Alexander v.Buckeye Pipeline Co. (1977), 49 Ohio St.2d 158, 359 N.E.2d 702; T.R.Barth Assoc. v. Marginal Enterprises, Inc. (1976), 48 Ohio App.2d 218,356 N.E.2d 766; Mayfred Co. v. Bedford Heights (1980), 70 Ohio App.2d 1,433 N.E.2d 620; Cammack v. V.N. Holderman Sons (1973), 37 Ohio App.2d 79,307 N.E.2d 38.
In the case sub judice, we must determine if the trial court's summary judgment disposed of all of the claims raised. The parties in this case asserted claims of ownership of the disputed property and trespass claims against each other. The judgment entry purportedly resolved all the claims before the court (i.e., appellees own the property and trespass claims are dismissed). Since the February 7, 2001 judgment entry addresses, and purportedly disposes of, all the claims raised by the parties, we find that it is a final appealable order.
We now proceed to address appellants' assignments of error.
III. Granting a Non-pending Motion for Summary Judgment
Appellants' First Assignment of Error argues that the trial court erred by granting summary judgment in appellees' favor when no such motion was pending before the trial court.
According to the Supreme Court of Ohio, the principal purpose of summary judgment (Civ.R. 56) is to enable movement beyond the pleadings and to analyze the evidence in order to ascertain whether the need for a trial exists. See Ormet Primary Aluminum Corp. v. Employers Ins. ofWausau (2000), 88 Ohio St.3d 292, 725 N.E.2d 646; Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46. "It is imperative to remember that the purpose of summary judgment is not to try issues of fact, but rather to determine whether triable issues of fact exist." Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7, 14-15,467 N.E.2d 1378, 1386; see, also, Wiseman v. Gen. Motors Corp. (1995),74 Ohio Misc.2d 111, 659 N.E.2d 889.
Considering the purposes of summary judgment and the fact that a trial had already been conducted in the present case, we are somewhat puzzled by the trial court's decision to adjudicate the claims presented by way of summary judgment. To compound our bewilderment is the fact that no motion for summary judgment was pending before the trial court when it granted summary judgment in favor of appellees.
The Supreme Court of Ohio has consistently held that trial courts may not render summary judgment sua sponte. See Bowen v.
 Kil-care, Inc. (1992), 63 Ohio St.3d 84, 94, 585 N.E.2d 384, 393;Caudill v. A-Best Prods. Co. (Feb. 20, 1996), Scioto App. No. 94CA2305, unreported. "Civ.R. 56 does not authorize courts to enter summary judgment in favor of a non-moving party." Marchall v. Aaron (1984),15 Ohio St.3d 48, 472 N.E.2d 335, syllabus. Because appellees did not move for summary judgment (and neither did appellants), the trial court was not authorized to enter summary judgment in their favor. See JamesR. Soda, Inc. v. United Liberty Ins. Co. (1986), 24 Ohio St.3d 188,494 N.E.2d 1099; Mitseff v. Wheeler (1978), 38 Ohio St.3d 112,526 N.E.2d 798.
Thus, without reviewing the legal analysis expressed in the trial court's judgment entry to determine its correctness, we SUSTAIN appellants' First Assignment of Error because the trial court sua sponte
granted summary judgment in appellants' favor.
IV. The Remaining Assignments of Error
Based on our disposition of appellants' First Assignment of Error, we find that the remaining assignments of error are rendered moot. See App.R. 12(A)(1)(c).
Conclusion
Accordingly, we REVERSE the judgment of the trial court and remand the case to the trial court for a decision on the evidence presented at trial and not a non-pending motion for summary judgment. We would further suggest that the trial court review our prior decisions in this action and its companion case.
JUDGMENT REVERSED AND REMANDED.