Upon reconsideration, one of the appellees brought to this court's attention that the court mistakenly addressed the merits of a portion of the appeal that had been dismissed by agreement of the parties. The decision previously filed in this case on May 22, 2002, Allen v. Johnson, 9th Dist. Nos. 01CA0046 and 01CA0047, 2002-Ohio-2432, is hereby vacated and replaced with this decision and journal entry.
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
In Wayne App. No. 01 CA 0046, appellants, Richard and Suzanne Allen and Edward Riegler, the guardian of Nicholas Allen (collectively "the Allens"), appeal from a judgment of the Wayne County Court of Common Pleas that granted summary judgment to several defendant insurers on coverage issues. The defendant driver, David Johnson, filed a separate appeal (Wayne App. No. 01 CA 0047) from the portion of the same order that granted summary judgment to the Allens on the issue of his liability. One of the defendant insurers, Federal Insurance Company, filed a cross-appeal in Wayne App. No. 01 CA 0046, challenging the portion of the order that partially denied its motion for summary judgment. Because the aspects of the order challenged through Johnson's appeal and Federal's cross-appeal are not final and appealable, Federal's cross-appeal and Johnson's appeal (Wayne App. No. 01 CA 0047) are dismissed. The portions of the order appealed in Wayne App. No. 00 CA 0046, to the extent they are final, are affirmed in part and reversed in part.
 I.
On July 9, 1997, Nicholas Allen, a recent high school graduate, was a passenger in a car driven by his friend, David Johnson, with whom Allen was planning to start a tree-trimming business. Johnson allegedly failed to yield the right of way at a stop sign and collided with a vehicle driven by Daniel Petrick. Nicholas Allen suffered severe injuries from this accident and has been rendered a quadriplegic. The extent of his damages have not been determined, but no one disputes that his damages greatly exceed the limits of either the driver's automobile liability insurance coverage or his parents' uninsured/underinsured motorist coverage.
The Allens sued the drivers of both vehicles and various insurance carriers, including: (1) National Union Fire Insurance Company, National Union Fire Insurance Company of Pittsburgh, and Federal Insurance Company, with whom Richard Allen's employer, Republic Engineered Steel, Inc., held commercial automobile, umbrella and excess insurance policies (collectively, "the Republic insurers"); (2) Indiana Insurance Company and Consolidated Insurance Company, with whom Suzanne Allen's employer, the Alliance City School District, held commercial automobile and commercial umbrella insurance policies (collectively, "the school district insurers"); and (3) Scottsdale Insurance Company ("Scottsdale"), with whom the Allens alleged that Nicholas Allen held commercial general liability insurance coverage and underinsured motorist coverage on his new tree-trimming business. The Allens brought claims against the Republic insurers and the school district insurers based upon the authority of Scott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999),85 Ohio St.3d 660.
Various insurers in this case moved for summary judgment on issues of coverage and the Allens filed cross-motions. The Allens also moved for summary judgment against Johnson on the issue of liability. The trial court granted partial summary judgment to the Republic insurers, finding that Richard Allen, as employee, was insured under each of the three policies, but that his family members, Suzanne and Nicholas Allen, were not. The court also granted summary judgment to the school district insurers, finding that none of the Allens were covered because the school district was not statutorily authorized to purchase underinsured motorist insurance for off-duty employees or their families. The court granted summary judgment to Scottsdale, concluding that no insurance contract existed. The court also granted the Allens' motion for summary judgment against Johnson, finding that he was negligent and his negligence was the proximate cause of Nicholas Allen's injuries. Although several claims remain pending, the trial court expressly found that "there is no just reason for delay."
The Allens appeal from the portion of the order granting summary judgment to the Republic insurers, the school district insurers, and Scottsdale. Johnson appeals from the part of the order granting summary judgment to the Allens. Federal filed a cross-appeal from the trial court's denial of its motion for summary judgment. After filing briefs, the Allens filed a notice of dismissal of that portion of their appeal pertaining to the Republic commercial automobile policy only. That portion of the appeal is thereby dismissed.
 II.
Initially, this court must determine whether it has jurisdiction to review these various parts of the trial court's order. Section 3(B)(2), Article IV of the Ohio Constitution limits this court's appellate jurisdiction to the review of final judgments of lower courts. For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). Chef Italiano Corp. v.Kent State Univ. (1989), 44 Ohio St.3d 86, 88.
Because this case involves multiple claims and multiple parties and the trial court's order disposed of fewer than all claims and parties, Civ.R. 54(B) is applicable here. Civ.R. 54(B) provides in relevant part:
 "When more than one claim for relief is presented in an action * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."
The trial court did include an express finding that "there is no just reason for delay." However, a finding of no just reason for delay, pursuant to Civ.R. 54(B), does not make appealable an otherwise non-appealable order. Chef Italiano Corp., 44 Ohio St.3d at 88.
To be final, an order also must fit into one of the categories set forth in R.C. 2505.02. See General Electric Supply Co. v. WardenElectric, Inc. (1988), 38 Ohio St.3d 378, 380. R.C. 2505.02(B)(1) provides that an order "that affects a substantial right in an action that in effect determines the action and prevents a judgment" is final and appealable. The portions of the trial court's order that granted summary judgment, in whole or in part, to several defendants "determine[d] the action" as to those parties, and was thus a final order pursuant to R.C.2505.02. Summary judgment to those defendants precluded any recovery against them by some or all of the Allens. Together with the appropriate "no just reason for delay" Civ.R. 54(B) language, it was a final appealable order, even though that same order denied other motions for summary judgment. Celebrezze v. Netzley (1990), 51 Ohio St.3d 89, 90. Therefore, the order appealed by the Allens, to the extent it granted summary judgment to certain defendants, is final and appealable.
The denial of a motion for summary judgment, however, does not determine the action and prevent a judgment, and thus generally does not constitute a final order under R.C. 2505.02. Nayman v. Kilbane (1982),1 Ohio St.3d 269, 271; Balson v. Dodds (1980), 62 Ohio St.2d 287, 289. Unless some exception to the general rule applies, such as an order made in a special proceeding, see R.C. 2505.02(B)(2), the order is not final. See Celebrezze v. Netzley, supra. No such exception applies here. Therefore, those aspects of the trial court's order that denied motions for summary judgment are not final or appealable. Federal's cross-appeal challenges the trial court's partial denial of its motion for summary judgment, which is not final or appealable.
The portion of the order appealed by Johnson, that determined the issue of liability but not damages, is also not final under R.C. 2505.02. InState ex rel. White v. Cuyahoga Metro. Hous. Auth. (1997),79 Ohio St.3d 543, 546, the Ohio Supreme Court acknowledged the general rule that, "orders determining liability in the plaintiffs' * * * favor and deferring the issue of damages are not final appealable orders under R.C. 2505.02 because they do not determine the action or prevent ajudgment." (Emphasis added.) Appellate courts, including this one, have held that summary judgment on the issue of liability alone, with an award of damages left for future determination, does not constitute a final appealable order as contemplated by R.C. 2505.02. See, e.g., SummitPetroleum, Inc. v. K.S.T. Oil Gas Co., Inc. (1990), 69 Ohio App.3d 468,470; Mayfred Co. v. Bedford Heights (1980), 70 Ohio App.2d 1, 3.
Therefore, as they attempt to appeal from non-final aspects of the trial court's order, Johnson's appeal and Federal's cross-appeal are dismissed. Based on this same reasoning, this court lacks jurisdiction to address the portions of the Allens' assignments of error that pertain to the trial court's denial of their motions for summary judgment.
 First Assignment of Error THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO PLAINTIFFS-APPELLANTS AGAINST DEFENDANTS-APPELLEES NATIONAL UNION FIRE INSURANCE COMPANY, NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., AND FEDERAL INSURANCE COMPANY, AND IN GRANTING DEFENDANTS-APPELLEES, NATIONAL UNION FIRE INSURANCE COMPANY AND FEDERAL INSURANCE COMPANY, SUMMARY JUDGMENT AGAINST PLAINTIFFS-APPELLANTS.
In their first assignment of error, the Allens assert that the trial court erred in granting partial summary judgment to the Republic umbrella and excess insurers because the Allens were entitled to underinsured motorist coverage under each policy. The Republic insurers separately moved for summary judgment, contending: (1) that, although conceding that uninsured/underinsured motorist ("UM/UIM") coverage under the umbrella and excess policies would be imposed by operation of law because it was not validly rejected, only Republic's employee, Richard Allen, was covered; and (2) that the UM/UIM coverage under the commercial automobile policy was limited to persons occupying a "covered auto." Because these arguments pertaining to the different types of policies are distinct, we will address them separately.
The Republic insurers moved for summary judgment on the umbrella and excess policies, essentially conceding that UM/UIM coverage would be imposed by operation of law because, although Republic rejected UM/UIM coverage under these policies, its rejection did not comply with the applicable version of R.C. 3937.18, effective October 20, 1994, as interpreted by the Ohio Supreme Court.[1] They assert, however, that when coverage is imposed by operation of law, it extends only to the employee, not his family members, unless the policy includes family member language. To support its argument that Suzanne and Nicholas Allen were not covered under these policies, the Republic umbrella and excess insurers pointed to the lack of family member language in either policy.
After the Republic umbrella and excess insurers met their initial burden of pointing to some evidence that Suzanne and Nicholas Allen could not support their claims on the umbrella and excess policies, the burden shifted to the Allens to "set forth specific facts showing that there is a genuine issue for trial." Dresher v. Burt (1996), 75 Ohio St.3d 280,293. See, also, State ex rel. Burnes v. Athens Cty. Clerk of Courts
(1998), 83 Ohio St.3d 523, 524.
Although the Allens responded with a legal argument that UIM coverage will not be limited by the language of the liability policy, they failed to point to any evidence, nor did they make a persuasive legal argument, that UIM coverage imposed by operation under these policies will extend to family members of the employee. Consequently, the trial court properly granted partial summary judgment on Republic's umbrella and excess commercial policies.
The Allens' first assignment of error is overruled.
 The Second Assignment of Error
The trial court erred in denying summary judgment to plaintiffs-appellants against defendants-appellees Indiana insurance company and consolidated insurance company and in granting defendants-appellees Indiana insurance company and consolidated insurance company's summary judgment against plaintiffs-appellants.
In their second assignment of error, the Allens assert that it was error for the trial court to grant summary judgment to the school district insurers. The school district insurers moved for summary judgment, asserting three grounds for relief, including that the analysis under Scott-Pontzer should not apply in this situation because school districts are not authorized by R.C. 3313.201 to purchase insurance for off-duty employees or members of an employee's family. The trial court granted summary judgment on this basis. The Allens contend that the trial court's decision was incorrect, asserting that the school district was not prohibited by statute from purchasing insurance for off-duty employees or family members. See Mizen v. Utica Natl. Ins. Group, 8th Dist. No. 79554, 2002-Ohio-37. This court need not answer that question, however, because it is irrelevant to the issues in this case.
The school district's authority to purchase particular types of insurance has no bearing on determining the scope of UM/UIM coverage under the terms of the policies. A challenge to the school district's legal authority to enter into these insurance contracts would be a defense to enforcement of the contract; it has no bearing on the construction of its terms. See Countrymark Cooperative, Inc. v. Smith
(1997), 124 Ohio App.3d 159, 164. There is no dispute that the school district held policies of insurance with the school district insurers at the time of the accident or that Suzanne Allen was an employee of the school district at that time. There was also no dispute regarding the stated terms of those policies. The sole issue was whether each of the Allens qualified as an insured for purposes of UIM coverage under the policies. Whether each of the Allens was covered under these policies is determined by interpreting the relevant policy language in light of the Supreme Court's decision in Scott-Pontzer. Therefore, summary judgment on the basis of the school district's statutory authority to purchase such coverage was not proper.
Even though the trial court erred in granting summary judgment on this basis, we must affirm summary judgment if there were any grounds to support it. McKay v. Cutlip (1992), 80 Ohio App.3d 487, 491. Therefore, we must examine the other grounds that the school district insurers asserted in support of their joint motion for summary judgment. Although none of the other grounds would have justified summary judgment on both policies on the claims of all of the Allens, the school district insurers raised several additional grounds for summary judgment: (1) that the school district explicitly rejected UM/UIM coverage under the commercial umbrella policy; (2) that, even if Suzanne Allen had UIM coverage as an employee of the school district under either policy, that coverage does not extend to her family members; (3) that the Scott-Pontzer decision is unconstitutional; and (4) that if there is coverage under these policies, the school district insurers are entitled to set-off. We will address each argument in turn.
The school district insurers asserted that the Allens have no UIM coverage under the commercial umbrella policy because the school district expressly rejected UM/UIM coverage under that policy on October 6, 1996. The statutory law in effect at the time of entering the contract of insurance controls the rights and duties of the contracting parties. SeeRoss v. Farmers Ins. Group (1998), 82 Ohio St.3d 281, syllabus. The school district insurers essentially conceded that the rejection of coverage did not meet the formal requirements for rejection under the former R.C. 3937.18, as interpreted by the Ohio Supreme Court in Linkov. Indemn. Ins. Co. of N. Am. (2000), 90 Ohio St.3d 445.[2] They maintained, however, that Linko should not be applied retroactively to this case because the insurer had a vested contractual right not to provide UM/UIM coverage under this policy.
The insurer's contention that it had a vested right is not persuasive. Notably, most of the cases upon which it relies involve coverage cases that had reached a binding settlement. See, e.g., Minter v. Wayne Mut.Ins. Co. (Aug. 7, 1998), 11th Dist. No. 95-P-0134. There has been no settlement of coverage issues in this case, however. This Court has held that the Supreme Court's interpretation of UM/UIM legislation does not establish any substantive rights to which an insurer can claim a vested right. See Cartwright v. The Maryland Ins. Group (1995),101 Ohio App.3d 439, 443. Moreover, there is no retroactive application at issue here. In Linko, the Supreme Court did not announce a new rule of law. Rather, it "merely determined what [R.C. 3937.18] has meant since its enactment." Agee v. Russell (2001), 92 Ohio St.3d 540, 543 (applying the principle to a Supreme Court interpretation of R.C. 2151.26). Because the school district insurers failed to demonstrate that Linko does not apply to this case, this argument likewise did not support an award of summary judgment to the school district insurers.
Next, the school district insurers assert that even if there is UM/UIM coverage for Suzanne, the employee, there is no coverage for her family members. Although they do not argue the two policies separately, this court will address them separately because different legal principles apply to each.
 School District's Commercial Umbrella Policy
The commercial umbrella policy did not explicitly provide UM/UIM coverage but, as explained above, it will be imposed by operation of law because the school district's rejection of UM/UIM coverage did not comply with the version of R.C. 3937.18 that was in effect at that time. The school district insurers argue that, although UM/UIM coverage will be imposed by operation of law, it will cover only the employee, Suzanne Allen, not her family members. They contend that coverage cannot be extended beyond the employee of the school district because the umbrella policy includes no "family member" language. They pointed to the language of the policy to support this argument.
The burden then shifted to the Allens to point to evidence to support their position that Richard and Nicholas Allen were covered under this policy. As with its opposition to this same argument raised by the Republic umbrella and excess insurers, the Allens pointed to no evidence or persuasive legal argument that UIM coverage imposed by operation of law under the umbrella policy must be extended to family members of the employee. Because the Allens failed to meet their burden as the nonmoving party, the trial court properly granted summary judgment to the school district insurers on the claims asserted by Richard and Nicholas Allen under the commercial umbrella policy.
 School District's Commercial Automobile Policy
The commercial automobile policy, on the other hand, was entirely different issue because the school district insurers conceded that the policy did, by its written terms, include UM/UIM coverage. The Allens sought UIM coverage pursuant to the Supreme Court's decision inScott-Pontzer v. Liberty Mutual Fire Ins. Co. (1999), 85 Ohio St.3d 660; the school district insurers attempted to distinguish this policy from the one at issue in Scott-Pontzer.
In Scott-Pontzer, Christopher Pontzer, an employee of Superior Dairy, Inc., was killed in an automobile collision caused by the negligence of an underinsured driver. Although there was no dispute that Pontzer was driving his wife's car and was not within the scope of his employment at the time of the collision, Pontzer's surviving spouse sought UIM coverage under Superior Dairy's commercial automobile insurance policy and its commercial umbrella/excess policy.
The Supreme Court determined that Pontzer was an "insured," for purposes of UM/UIM coverage, due to the ambiguity of the policy's definition, which was as follows:
"B. Who Is An Insured
"1. You.
"2. If you are an individual, any family member.
 "3. Anyone else occupying a covered auto or a temporary substitute for a covered auto. The covered auto must be out of service because of its breakdown, repair, servicing, loss or destruction.
 "4. Anyone for damages he or she is entitled to recover because of bodily injury sustained by another insured." Scott-Pontzer, 85 Ohio St.3d at 663.
The coverage form stated that "`[t]hroughout this policy the words you and your refer to the Named Insured shown in the Declarations.'" Id. According to the declarations page, Superior Dairy was the named insured. The Scott-Pontzer majority held that, because the word "you" could reasonably be interpreted to include Superior as well as its employees, Pontzer was an insured under the UM/UIM coverage of the policy. Id. at 665. Based on this same reasoning, and the explicit terms of the above definition, the UM/UIM coverage has been extended to family members of the employee. See Ezawa v. Yasuda Fire Marine Ins. Co. ofAm. (1999), 86 Ohio St.3d 557; Batteiger v. Allstate Ins. Co., 2d Dist. App. No. 2001 CA 37, 2002-Ohio-909.
The school district's commercial automobile policy defined "WHO IS AN INSURED" for purposes of UM/UIM coverage with the identical definition as was quoted in Scott-Pontzer. Like the declarations page inScott-Pontzer, the declarations page in the school district's commercial auto policy listed only the school district as the named insured. Thus, this situation is indistinguishable from the situation in Scott-Pontzer. As that definition explicitly includes "family members," the school district insurers failed to demonstrate that Richard and Nicholas Allen are not also insured under the UM/UIM provisions of the policy. SeeEzawa v. Yasuda Fire Marine Ins. Co. of Am. (1999), 86 Ohio St.3d 557;Batteiger v. Allstate Ins. Co., 2d Dist. No. 2001 CA 37, 2002-Ohio-909.
Finally, the school district insurers asserted two additional grounds for summary judgment: that the Scott-Pontzer decision is unconstitutional, and that they are entitled to set-off. Although this court may not agree with the Supreme Court's decision in Scott-Pontzer, it has no authority to review its propriety. "An Ohio court of appeals is bound by the decision of the Supreme Court of Ohio and has no power to declare a decision of the supreme court unconstitutional." Zeek v. StateFarm Mut. Ins. Co. (Aug. 30, 1995), 1st Dist. No. C-940883.
The issue of set-off was likewise not a valid basis for summary judgment. Because the trial court has yet to determine which policies provide UM/UIM coverage to the Allens or to determine the extent of damages at issue in this case, these issues are raised prematurely and would not be a valid basis for summary judgment.
The trial court erred in granting summary judgment to the school district insurers: (1) on Suzanne Allen's claims for UIM coverage under the commercial umbrella policy; and (2) on Nicholas, Richard, and Suzanne Allen's claims for UIM coverage under the commercial automobile policy. The second assignment of error is sustained in part.
 The Third Assignment of Error THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT TO PLAINTIFFS-APPELLANTS AGAINST DEFENDANT-APPELLEE SCOTTSDALE INSURANCE COMPANY AND IN GRANTING DEFENDANT-APPELLEE SCOTTSDALE INSURANCE COMPANY SUMMARY JUDGMENT AGAINST PLAINTIFFS-APPELLANTS.
The Allens challenge the trial court's decision to grant Scottsdale's motion for summary judgment. The Allens had alleged that Nicholas Allen had a commercial general liability insurance policy with Scottsdale to cover his tree-trimming business and that UM/UIM coverage should be imposed by operation of law because Scottsdale failed to comply with the requirements of R.C. 3937.18. Scottsdale moved for summary judgment, asserting two grounds for relief: (1) that Nicholas Allen did not have a contract of insurance with it because he never paid the premium, and (2) that even if there was a binding policy, it was a general liability policy and Scottsdale was not bound by the requirements of R.C. 3937.18. The trial court granted summary judgment on the first ground.
On this ground, Scottsdale moved for summary judgment, with supporting evidence, contending that, although Allen had inquired about a commercial general liability insurance policy, the policy never issued because Allen never paid the premium. A customer service representative at the Moore-Peterson Acordia agency attested that she met with Allen and Johnson, who inquired about a commercial general liability policy, that she quoted them a premium price of $1,821, and explained to them that they would need to pay the premium to bind coverage. A binder was prepared and sent to the agency. The representative never delivered the binder to Allen or Johnson, because the premium was never paid. After several weeks had lapsed and the premium still had not been paid, the representative returned the binder to the underwriter with instructions to cancel the binder.
In opposition to Scottsdale's motion, the Allens did not dispute Scottsdale's legal argument or the facts upon which it relied. Instead, they attempted to attach legal significance to the terms of the binder, but presented no evidence that the binder was ever delivered to Allen or that any portion of the premium was ever paid. See, generally, Clarke v.Smith (1997), 117 Ohio App.3d 337. Because the Allens failed to raise a genuine issue of fact that there was binding insurance coverage here, the trial court properly granted summary judgment on this basis. The third assignment of error is overruled.
 III.
The first assignment of error is overruled. The second assignment of error is sustained as to the trial court granting summary judgment: (1) against Suzanne Allen on her claims for UIM coverage under the umbrella policy, and (2) upon the claims of each of the Allens for UIM coverage under the commercial automobile policy. The third assignment of error is overruled.
SLABY, P.J., CARR, J. CONCUR.
[1] See Gyori v. Johnston Coca-Cola Bottling Group, Inc. (1996),76 Ohio St.3d 565.
[2] Although the school district insurers do not directly concede that point, they only argued why Linko should not apply to this case and made no argument that the rejection of UM/UIM coverage complied with the requirements of Linko.