[Cite as *Mick v. New Holland*, 2020-Ohio-4475.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
PICKAWAY COUNTY

| | | |
|---|---|---|
| CHARLES MICK, | : | |
| | : | |
| Appellee, | : | Case No. 19CA14 |
| | : | |
| vs. | : | |
| | : | DECISION AND |
| VILLAGE OF NEW HOLLAND, | : | JUDGMENT ENTRY |
| | : | |
| Appellant. | : | |

_____

APPEARANCES:

Paul-Michael Lafayette and Stacy V. Pollock, Columbus, Ohio, and John M. Gonzales, The Behal Law Group, LLC, Columbus, Ohio, for Appellant.

Jeremiah E. Heck, Luftman, Heck & Associates, LLP, Dublin, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} This is an appeal from a Pickaway County Common Pleas Court decision and entry that dismissed Appellee, Charles Mick's, action that was filed pursuant to R.C. 2506, and granted Mick relief on the portion of his action filed pursuant to R.C. 737.19(B). On appeal, Appellant, Village of New Holland, contends that 1) the trial court erred in finding that Mick was hired under R.C. 737.16 because there was no legal authority for the Village to hire Mick under R.C. 737.16; 2) the trial court erred in finding that Mick had the right to appeal his termination from the Village under R.C. 737.19; and 3) the trial court erred by not

dismissing Mick's appeal under R.C. 2506.01 because there was no quasi-judicial proceeding. However, because the trial court granted Mick relief in the form of reinstatement and back pay without determining the amount of back pay owed, the trial court's order is not a final, appealable order. Accordingly, the appeal is dismissed.

## FACTS

{¶2} The record before us indicates Mick was terminated from his employment with the Village on July 23, 2018.[1] He was notified of his termination by letter from the Village. There were no administrative hearings held nor review conducted. Instead, Mick appealed his termination directly to the Pickaway County Court of Common Pleas. The Village filed a motion to dismiss the appeal, which was denied by the trial court. In its decision denying the motion to dismiss, the trial court also found that Mick was a part-time police officer, rather than an auxiliary police officer.

{¶3} Thereafter, on January 25, 2019, the trial court put on a scheduling order stating that Mick had filed an appeal without explaining which section of the Ohio Revised Code he was complaining under, and that he had not asked the court for any relief. As such, the trial court ordered Mick to "file a motion and

---

[1] The parties are in disagreement as to whether Mick was a part-time police officer for the Village, or whether he was an auxiliary officer.

memorandum to [the] Court detailing the sections of the Ohio Revised Code which afford him relief." The trial court further ordered Mick to specify what relief he was requesting from the court.

{¶4} In response, Mick filed a motion for relief and memorandum in support. Mick stated in his motion that he was seeking relief under R.C. 737.19 and R.C. 2506.01. In his memorandum in support, Mick alleged that he was terminated without being afforded notice and an opportunity to be heard, in violation of the due process protections contained in R.C. 737.19. Mick further explained that he was requesting the trial court to "rule that the final order terminating [his] employment with the Village of New Holland was unconstitutional, illegal, arbitrary, capricious and unreasonable due to Appellee's failure to comport with due process requirements set forth in R.C. § 737.19 and R.C. § 2506.01 pursuant to its powers set forth in R.C. 2506.04." Mick specifically requested that the trial court reverse the "final order" terminating his employment and further requested actual damages, incidental damages, reasonable attorney fees, costs and any other relief deemed just by the trial court.

{¶5} The trial court ultimately found in Mick's favor on March 25, 2019, by ordering that he be reinstated with back pay. The trial court ordered costs be paid by the Village but denied Mick's request for attorney fees. Although the trial court awarded Mick back pay, it did not determine the amount of back pay owed. The

record indicates that after the Village filed its appeal to this Court, Mick filed a motion in the trial court requesting that the Village be held in contempt for its failure to provide back pay as ordered by the court. The Village opposed the motion, stated that it had reinstated Mick and paid him back pay, and argued that the trial court's order was ambiguous because the "Court never specified how the Village was to calculate Mick's back pay, nor does the underlying record reflect evidence on how back pay could or should be calculated." The Village further argued that the "Court's reference to back pay [was] not clear, definite and unambiguous as to how much back pay must be paid[,]" and cited intervening changes related to pay rates and staffing structures of the police department, as well as the intervening passage of a new ordinance. The Village also requested a hearing in the event the trial court determined additional back pay was owed. Mick responded by arguing that there was no ambiguity in the timeframe for which he was owed back pay.

{¶6} In response, the trial court issued a decision and entry on June 3, 2019, noting that "the precise amount of back pay owed to Appellant Mick" was now at issue and it ordered Mick's counsel "to motion [the] court for an exact amount of back pay with appropriate documentation and affidavit(s)." On June 19, 2019, Mick filed a motion for a court-ordered determination of the exact amount of back pay he was to be paid, along with a memorandum and affidavit in support. In his

memorandum, Mick represented that although the Village had paid him a gross amount of $1600.00 representing ten weeks of back pay, he was owed additional weeks of back pay totaling $6,320.00.  The Village opposed Mick's motion and Mick filed a reply.  Rather than going forward with proceedings to determine the appropriate amount of back pay, the trial court issued another decision and entry on August 29, 2019, staying the decision on back pay until the present appeal is decided by this Court.

## ASSIGNMENTS OF ERROR

I.    "THE TRIAL COURT ERRED IN FINDING THAT MICK WAS HIRED UNDER R.C. 737.16 BECAUSE THERE WAS NO LEGAL AUTHORITY FOR THE VILLAGE TO HIRE MICK UNDER R.C. 737.16."

II.   "THE TRIAL COURT ERRED IN FINDING THAT MICK HAD THE RIGHT TO APPEAL HIS TERMINATION FROM THE VILLAGE UNDER R.C. 737.19."

III.  "THE TRIAL COURT ERRED BY NOT DISMISSING MICK'S APPEAL UNDER R.C. 2506.01 BECAUSE THERE WAS NO QUASI-JUDICIAL PROCEEDING."

## LEGAL ANALYSIS

{¶7} Initially, before we reach the merits of the appeal, we must determine if we have jurisdiction.  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district."  Section 3(B)(2), Article IV, Ohio Constitution; *see also* R.C. 2505.03(A).  If a court's order

is not final and appealable, we have no jurisdiction to review the matter and must

dismiss the appeal. *Eddie v. Saunders*, 4th Dist. Gallia No. 07CA7, 2008-Ohio-

4755, ¶ 11. Furthermore, this Court has recently noted that "[i]n the event that the

parties do not raise this jurisdictional issue, then the appellate court must sua

sponte raise it. *Bussa v. Hadsell Chem. Processing, LLC*, 4th Dist. Pike No.

16CA865, 2016-Ohio-5718, 76 N.E.3d 385, ¶ 7, citing *Chef Italiano Corp. v. Kent*

*State Univ.*, 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; *Whitaker–Merrell*

*v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶8} An order must meet the requirements of both R.C. 2505.02 and Civ.R.

54(B), if applicable, to constitute a final, appealable order. *Chef Italiano Corp.* at

88. Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial

right in an action that in effect determines the action and prevents a judgment." To

determine the action and prevent a judgment for the party appealing, the order

"must dispose of the whole merits of the cause or some separate and distinct

branch thereof and leave nothing for the determination of the court." *Hamilton*

*Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*,

46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶9} Additionally, if the case involves multiple parties or multiple claims,

the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final,

appealable order. Under Civ.R. 54(B), "[w]hen more than one claim for relief is

presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, * * * or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); *see* Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal." *Sceptre, Inc. v. Big Sandy Distribution, Inc.*, 4th Dist. Scioto No. 18CA3831, 2018-Ohio-2612, *2, quoting *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977); *see also Turner v. Robinson*, 4th Dist. Highland No. 15CA11, 2016-Ohio-2981, ¶ 29. However, " 'cases are legion that "the mere incantation of [Rule 54(B)] language does not turn an otherwise non-final order into a final appealable order." ' " *Bussa, supra*, at ¶ 14, quoting Painter and Pollis, Ohio Appellate Practice, Section 2:9 (2015) (footnotes omitted), quoting *Noble v. Colwell, supra*, at 96.

{¶9} To determine whether a judgment is final, an appellate court must employ a two-step analysis:

First, it must determine if the order is final within the requirements of R.C. 2505.02. If the court finds that the order complies with R.C. 2505.02 and is in fact final, then the court must take a second step to decide if Civ.R. 54(B) language is required.

*Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21, 540 N.E.2d 266 (1989); *see also CitiMortgage v. Roznowski*, 139 Ohio St.3d 299, 2014-Ohio-1984, 11 N.E.3d 1140, ¶ 10; *Walburn v. Dunlap*, 121 Ohio St.3d 373, 904 N.E.2d 863, 2009-Ohio-1221, ¶ 13.

{¶10} Here, as set forth above, the trial court ruled in favor of Mick by ordering that he be reinstated with back pay, however, it did not determine the amount of back pay owed. Although the trial court's order stated it was final and appealable, it did not contain Civ.R. 54(B) language. As also set forth above, the record transmitted to this Court indicates that post-judgment proceedings were taking place due to a dispute regarding the amount of back pay owed until the trial court stayed the proceedings pending the outcome of this appeal. Thus, the amount of back pay remains undetermined.

{¶11} In *Bussa*, *supra*, this Court explained as follows regarding a trial court's determination of liability without a determination of damages:

Generally, orders that determine liability, but defer the issue of damages, do not affect a substantial right, determine the action, and prevent a judgment. *E.g., White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 546, 684 N.E.2d 72 (1997); *Scioto Twp. Zoning v. Puckett*, 4th Dist. Pickaway No. 12CA5, 2013-Ohio-703, 2013 WL 773056, ¶ 8, quoting *Shelton v. Eagles Foe Aerie 2232*, 4th Dist. No. 99CA678, 2000 WL 203857 (Feb. 15, 2000), citing *Horner v. Toledo Hospital*, 94 Ohio App.3d 282, 640 N.E.2d 857 (6th Dist.1993) ("This court has continuously held that '[a] determination of liability without a determination of damages is not a final appealable order because damages are part of a claim for relief, rather than a separate claim in and of themselves.' "). However, "[c]ourts have recognized an exception to the foregoing general rule. Under this exception, a judgment not completely determining damages is a final appealable order where the computation of damages is mechanical and unlikely to produce a second appeal because only a ministerial task similar to assessing costs remains." *White*, 79 Ohio St.3d at 546, 684 N.E.2d 72 (citations omitted).

*Bussa*, *supra*, at ¶ 10.

{¶12} The Second District Court of Appeals has recently held that an order disposing only of a party's entitlement to reinstatement and back pay without determining the amount of the back pay does not constitute a final, appealable order. *Jenkins v. Northeaster Local Bd. of Edn.*, 2nd Dist. Clark No. 16CA0002, 2016-Ohio-7099, ¶ 7. In reaching its decision, the *Jenkins* court relied on *Schlotterer v. Exempted Village School Dist.*, 3d Dist. Mercer No. 10-82-2, 1983 WL 7248, *2 (Apr. 26, 1983). *Schlotterer* held that a summary judgment decision that disposed of a plaintiff's entitlement to reinstatement and back pay but leaving the amount of the back pay undetermined did not constitute a final, appealable order. *Schlotterer* at *2, citing *Priester v. State Foundry Co.*, 172 Ohio St. 28, 173 N.E.2d 136 (1961); *Cammack v. V.N. Holderman & Sons*, 37 Ohio App.2d 79, 307 N.E.2d 38 (1973); *The Mayfred Co. v. City of Bedford Heights*, 70 Ohio App.2d 1, 433 N.E.2d 620 (1980). The *Jenkins* court rejected the school board's argument that the *Schlotterer* case was distinguishable because it involved the grant of summary judgment. *Jenkins* at ¶ 9. In doing so, the court reasoned that "[n]o matter how the trial court resolves a claim for liability, it must still resolve the claim for damages for the matter to be complete." *Id.* The Jenkins court further stated that although the school board may have correctly argued "that the trial court [had] not indicated an intention to hold a damages hearing, the determination of damages with the requisite specificity is part of determining the action." *Id.*, citing

R.C. 2505.02(B)(1).  As a result, the Jenkins court determined the order at issue was not a final, appealable order and that it lacked jurisdiction to hear the appeal. *Id.* at ¶ 10.

{¶13} We find both *Jenkins* and *Schlotterer* provide helpful guidance regarding this legal question, of which there appears to be no direct, legal precedent in our district.  Thus, we adopt the reasoning thereof.  Applied to the facts presently before us, this reasoning demands the conclusion that the trial court's March 25, 2019 decision and entry ordering reinstatement and back pay does not constitute a final, appealable order.  The fact that the parties have continued to litigate the amount of back pay after the trial court's purported "final order" lends support to our determination that the March 25th order failed to completely determine the damages in this matter.  Further, post-judgment briefing indicates that the calculation of back pay in this particular case is not simply a ministerial task.  As in *Bussa, supra*, the record here is not sufficiently developed concerning damages and based upon the arguments in the post-judgment briefing, of which this Court takes judicial notice, "the computation of damages does not appear to be a ministerial task[,]" but instead appears likely to produce a second appeal, even if this Court were to address the merits of the arguments raised in the current appeal.  *Bussa* at ¶ 10-11.

{¶14} Accordingly, based upon the foregoing reasons, we lack jurisdiction to consider the Village's appeal and we must, therefore, dismiss the same.

**APPEAL DISMISSED.**

## **JUDGMENT ENTRY**

It is ordered that the APPEAL BE DISMISSED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Pickaway County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J., Concurs in Judgment and Opinion.

Powell, V.J., Concurs in Judgment and Opinion.

                        For the Court,


                        _____
                        Jason P. Smith
                        Presiding Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**