Swanson et al., Appellees, *v.* The Ridge Tool Co., Appellant; et al.

(No. 1528—Decided October 11, 1961.)

*Mr. John J. Stropko*, for the motion.
*Messrs. Warren & McLeod* and *Messrs. Vandemark & Vandemark*, contra.

Doyle, J. During the April, 1961, term of the Court of Common Pleas of Lorain County, there was entered, in an action brought by dissenting corporation stockholders "to determine the fair cash value of shares and other relief," following a resolution for liquidation and merger of The Ridge Tool Company, an order overruling a motion of the appellant [The Ridge Tool Company]—

"* * * on the grounds that reasonable minds cannot come to a conclusion adversely to the dissenting stockholders based on the affidavits, interrogatories, pleadings, depositions, etc., and inasmuch as reasonable minds cannot come to a conclusion, likewise that a demand has been made based on the above pleadings, etc., therefore, the motion of the plaintiffs, Swanson, et al., for summary judgment is hereby overruled.

"The court feels the questions of facts involved are jury issues. * * *"

From the above order, appeal has been taken by the defendant corporation on questions of law.

Presently confronting this court is the following motion of Swanson, et al., appellees, to dismiss the appeal:

"Now come the plaintiffs-appellees, by and through their attorney, * * * and respectfully move this honorable court for an order dismissing the appeal filed by the Ridge Tool Company, from an order of the Court of Common Pleas of Lorain County, overruling the motion for summary judgment * * *."

It is the claim of the appellant, The Ridge Tool Company, that in this action, brought by the dissenting stockholders under the authority of Section 1701.85, Revised Code (126 Ohio Laws, 432, 483), "it appears from the pleadings, depositions and incorporated exhibits and affidavits, when construed most strongly in plaintiffs'-appellees' favor, that reasonable minds can come to but one conclusion, and that is that there is no genuine issue as to any material fact," and that, as a consequence thereof, this court should entertain the appeal and render the judgment which the Court of Common Pleas should have rendered—i. e., against the claims of the dissenting stockholders and in favor of The Ridge Tool Company.

Section 2311.041, Revised Code, effective November 9, 1959, authorizes summary judgment procedure in this state, and a summary judgment may be entered in any civil action without restriction as to its nature. It therefore follows that summary judgments may be entered in the statutory proceedings provided for dissenting stockholders in Section 1701.85, Revised Code, *supra*. This Code section (1701.85) provides that:

"* * * Such a proceeding shall be a special proceeding within the meaning of Section 2505.02 of the Revised Code, and final orders therein may be vacated, modified, or reversed as provided in Sections 2505.01 to 2505.45, inclusive, of the Revised Code."

A court in passing upon a motion for a summary judgment may not decide issues of fact. In passing on such a motion, the court merely determines whether there are genuine issues of fact. If the court finds that there are no genuine issues of fact,

it sustains the motion and renders a summary judgment. From that judgment an appeal may be taken to a reviewing court. If the trial court determines that there are genuine issues of fact, it overrules the motion for a summary judgment, and the parties then have the right to try the issues in open court before a judge or jury, as the case may be. The overruling of a motion for summary judgment does not conclude the action; no judgment or final order has been made; and the case stands for trial on the issues.

In the case before us, there has been no final determination of the rights of the parties, nor is there an order which prevents a judgment, nor an order affecting a substantial right "made in a special proceeding."

In Section 6, Article IV of the Constitution of Ohio, is found the grant of jurisdiction to the Court of Appeals in appeals from a lower court. It provides:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of * * * courts of record inferior to the Court of Appeals within the district * * *."

Section 2323.01, Revised Code, defines a judgment in the following terms: "A judgment is the final determination of the rights of the parties in action. * * *"

Section 2505.02, Revised Code, defines a final order as "an order affecting a substantial right in an action which in effect determines the action and prevents a judgment, an order affecting a substantial right made in a special proceeding or upon a summary application in an action after judgment * * *."

While the case before us is a special proceeding, and an order made affecting a "substantial right" of a party would be generally appealable under the statute, no "order" has been made in the instant case. In fact, the court refused to make an "order," within the statutory meaning of that word, on the motion for summary judgment, and retained the case for trial on the merits.

The claim of the appellant that it has the right to appeal because it was denied a substantial right—to wit, the right of a summary judgment in its favor—we find untenable.

The order denying a summary judgment is neither a judg-

ment nor a final order within the purview of the Constitution and the statutes.

The motion to dismiss the appeal will be sustained.

*Motion sustained.*

STEVENS, P. J., and HUNSICKER, J., concur.