OPINION
{¶ 1} Plaintiffs-appellants, Grand Communities, Ltd., Douglas and Patricia Auxier, and Bernard and Joan Ketterer, appeal the Clermont County Court of Common Pleas decision granting the summary judgment motion of appellees, Stonelick Township, Batavia Township, and the Board of Township Trustees of Batavia Township[1], in a zoning dispute. We reverse and remand the decision of the trial court.[2]
 {¶ 2} Grand Communities has purchased options to buy the Auxier property and the Ketterer property in order to develop a community to be known as Boston Commons. The Auxier property consists of approximately 89.04 acres of land in Stonelick Township, Ohio. The Ketterer property consists of approximately 25.527 acres. Approximately 16.277 acres of the Ketterer's 25.527 acres is located in Stonelick Township with the remainder located in Batavia Township.
 {¶ 3} The property in Batavia Township is currently zoned "A" Agricultural District. "A" zoned land allows only one dwelling unit per acre. The property in Stonelick Township is currently zoned "E" Estate Residence District and "S" Suburban Residence District. The "E" residence district requires a minimum width of 120 feet at the building line and an area not less than 40,000 square feet. The "S" residence district requires a width of 150 feet at the building line and at least 20,000 square feet in area.
 {¶ 4} In May 2001, appellants filed applications for zone changes in Stonelick and Batavia Township, seeking to change the zoning to a Planned Unit Development ("PUD"). The Clermont County Planning Commission recommended approval of both rezoning requests. The rezoning was not recommended by either the Batavia Township Zoning Commission or the Stonelick Township Zoning Commission. In July 2001, the Trustees of Batavia and Stonelick Township denied the respective rezoning requests.
 {¶ 5} Appellants filed a declaratory judgment action against Stonelick Township, Batavia Township, and the Board of Township Trustees of Batavia Township seeking a declaration that the existing zoning is unconstitutional as applied to the property. Appellants also asserted that they have suffered damages due to being deprived of all economically viable uses of the land. Appellees filed summary judgment motions arguing that appellants had not established that the current zoning was unconstitutional and that the zoning advanced legitimate state interests and did not deprive appellants of all economically viable uses of the property. The trial court granted appellees' motions for summary judgment. Appellants appeal, raising two assignments of error.
Assignment of Error No. 1:
 {¶ 6} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE PLAINTIFF SUBMITTED UNCONTROVERTED EXPERT TESTIMONY THAT THE EXISTING ZONING WAS ECONOMICALLY INFEASIBLE AND PERMITTED USES THAT WERE HIGHLY IMPROBABLE OR PRACTICALLY IMPOSSIBLE UNDER THE CIRCUMSTANCES."
 {¶ 7} Appellants assert that the trial court improperly weighed the evidence in making its summary judgment determination. They argued that the trial court did not give any "credit" to their purported experts' testimony that developing the property under the current zoning regulations was not economically feasible.
 {¶ 8} An appellate court's review of a summary judgment decision is de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. Under a Civ.R. 56(C) motion for summary judgment, the movant must demonstrate that: "(1) [there is] no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Civ.R. 56(C); WelcoIndustries, Inc., v. Applied Companies, 67 Ohio St.3d 344, 346,1993-Ohio-191.
 {¶ 9} The nonmoving party may not rest upon the allegations or denials in the pleadings, but must affirmatively demonstrate the existence of a genuine issue of material fact to prevent the granting of a motion for summary judgment. Civ.R. 56(C); Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Angel v. The Kroger Company, Warren App. No. CA2001-07-073, 2002-Ohio-1607.
 {¶ 10} A landowner may allege that the zoning ordinance as applied to his land constitutes a taking of his land, in violation ofFifth Amendment to the United States Constitution. Goldberg Cos., Inc. v.Richmond Hts. City Council, 81 Ohio St.3d 207, 213, 1998-Ohio-456. A compensable taking can occur either if the application of the zoning ordinance to the "property is constitutionally invalid, i.e., it does not substantially advance legitimate state interests, or denies the landowner all economically viable use of the land." State ex re. Shemo v. City ofMayfield Heights, 95 Ohio St.3d 59, 63, 2002-Ohio-1627. (Emphasis sic.) This is a disjunctive test. Id.
 {¶ 11} Appellants presented the deposition testimony of Larry Sprague and affidavit of Craig Rambo. Both men are purported experts in the zoning field. Among other things, they testified as to the economic feasibility of the present zoning in both Stonelick and Batavia Township.
 Stonelick Township {¶ 12} When considering the current Stonelick zoning, Sprague stated that it would be infeasible "to develop the property under the existing zoning." Sprague related that under the current zoning, which would allow only 100 homes to be built, the homes would be sold for approximately $250-300,000. Under the proposed zoning change, appellants would be able to build 409 less expensive homes. He opined that the demographics and income levels and other market choices available to buyers would not support a development with homes marketed in the $300,000 range. In his affidavit, Rambo also opined that under the current zoning the property would not have any feasible use.
 {¶ 13} In its decision concerning the Stonelick Township case, the trial court stated "[t]he court finds it hard to believe that it would be `highly improbable or practically impossible,' let alone economically infeasible, to build 100 homes on the Property versus 409 homes." It then granted Stonelick Township's motion for summary judgment.
 {¶ 14} Whether the current zoning is economically feasible is a material fact. The trial court improperly weighed the evidence in regard to this issue. See Swanson v. Ridge Tool Co. (1961), 113 Ohio App. 357,358. Appellants provided as evidence the testimony of two purported experts. The evidence must be construed in the nonmoving party's favor.Angel, 2002-Ohio-1607. As such, appellants' assignment of error as to Stonelick Township is sustained.
 Batavia Township {¶ 15} Both of appellants' experts, Sprague and Rambo, opined that the current zoning of the property located in Batavia Township as Agriculture was not feasible. Sprague stated that "farming it by itself would not be economically feasible." He also stated that under the current zoning, the cost of building only three homes would be infeasible. He reasoned that the cost of running a sewer line would be unaffordable.
 {¶ 16} In its decision, the trial court stated the property was currently being farmed and therefore "[a] working farm can hardly be said to have no feasible use." It also reasoned that the land was not highly improbable or practically impossible to develop as stated by appellants' experts since three homes could be built upon the land. It then concluded that appellants had not lost all economic use of the property and therefore there was no compensable taking.
 {¶ 17} Here, appellants presented the testimony of a purported expert who opined that farming was not an economically feasible activity, and that it was not economically feasible to build only three homes on the property. The expert gave reasons supporting his statements. The evidence must be construed in the nonmoving party's favor. Angel, 2002-Ohio-1607. In its decision, the trial court improperly weighed the evidence instead of construing it in appellants' favor. SeeSwanson, 113 Ohio App. at 358. As such, appellants' assignment of error as to Batavia Township is sustained.
 {¶ 18} Appellants' first assignment of error is sustained.
Assignment of Error No. 2:
 {¶ 19} "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT WHERE A GENUINE ISSUE OF MATERIAL FACT EXISTED AS TO THE `HEALTH, SAFETY AND MORALS' OF THE COMMUNITY."
 {¶ 20} Appellants argue that the zoning is unconstitutional as applied to their property. They argue that a genuine issue of material fact exists as to the "health, safety and morals of the community."
 {¶ 21} Under a motion for summary judgment, the movant must demonstrate that: "(1) [there is] no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Civ.R. 56(C); Welco, 67 Ohio St.3d at 346.
 {¶ 22} A landowner may allege that the zoning is unconstitutional as applied to a parcel of land. Goldberg Cos., Inc. v. Richmond Hts. CityCouncil, 81 Ohio St.3d 207, 213, 1998-Ohio-456. There is a strong presumption that zoning ordinances are constitutionally valid. Cent.Motors Corp. v. City of Pepper Pike, 73 Ohio St.3d 581, 583 and 584, 1995-Ohio-289. The party challenging the constitutionality of the zoning classification bears the burden of demonstrating that it is unconstitutional beyond fair debate. Goldberg, 81 Ohio St.3d at 515. The regulation is presumed constitutional unless the landowner demonstrates that it is "clearly arbitrary and unreasonable without substantial relation to the public health, safety, morals or general welfare of the community." Id., quoting Euclid v. Ambler Realty Co. (1926), 272 U.S. 365,395; see MDJ Properties Inc. v. Union Twp. Bd. of Trustees (Mar. 27, 2000), Clermont App. Nos. CA99-02-013, CA99-02-019.
 Stonelick Township {¶ 23} The trial court found in the Stonelick Township case that appellants' presentation of two witnesses who restate the legal standard without demonstrating its application does not satisfy the burden of proof that the regulation is unconstitutional beyond fair debate.
 {¶ 24} The Stonelick Township Board of Trustees cited to density and traffic safety concerns when deciding not to permit the zoning change. Pursuant to R.C. 519.02, township trustees are permitted to regulate the density of population when promoting the public health, safety and morals of the community. Further, safety concerns related to roads may be regulated, but "controlling traffic alone is not a primary purpose of zoning, but may be a secondary consideration." MDJ Properties, Clermont App. Nos. CA99-02-013, CA99-02-019.
 {¶ 25} Appellants presented the purported expert testimony of Rambo, who stated in his affidavit that the current zoning as applied to the property was inappropriate, arbitrary, and bore no substantial relationship to the health, safety and morals of the township. Appellants also presented the testimony of purported expert Sprague, who stated that the current zoning is improper. He argued that a diverse mixture of zoning surrounds the property, including a school, bank, industrial uses and other residential uses. He also testified regarding the original purpose for the current density regulations and why those reasons no longer existed. He also explained that a full traffic report would be completed but that currently, the road setbacks for the ingress and egress were appropriate. Finally, he rebutted the safety concerns of the trustees when he related that the cul-de-sacs would be built in accordance with the current county subdivision regulations which would allow fire trucks to turn around.
 {¶ 26} The evidence must be construed in the nonmoving party's favor. Angel, 2002-Ohio-1607. The purported expert deposition of Sprague, entered into evidence by appellants, shows the existence of genuine issues of material fact as to whether the current zoning of the property is constitutional. As such, appellants' second assignment of error as it relates to Stonelick Township is sustained.
 Batavia Township {¶ 27} The trial court found in the Batavia Township case that appellants had not proven that the zoning regulations were unconstitutional beyond fair debate.
 {¶ 28} The Batavia Township Board of Trustees testified in their depositions that they denied the proposed rezoning because of density concerns, traffic and safety concerns, and incompatibility with the surrounding communities.
 {¶ 29} As related earlier, Sprague testified concerning the density, and the safety and traffic concerns. Sprague also testified as to the zoning surrounding the property and uses of the land surrounding the property. Appellants also presented the Rambo affidavit stating that the zoning did not bear any substantial relationship to the health, safety or morals of the township.
 {¶ 30} Again, the evidence must be construed in the nonmoving party's favor. Angel, 2002-Ohio-1607. Through their purported expert deposition, appellants have shown that a genuine issue of material fact exists as to whether the current zoning of the property is constitutional. Appellants' second assignment of error as it relates to Batavia Township is sustained.
 {¶ 31} Appellants' second assignment of error is sustained.
 {¶ 32} The decision of the trial court is reversed and the matter is hereby remanded to the trial court.
POWELL, J., concurs.
YOUNG, J., dissents.
[1] The Batavia Board of Township Trustees consists of the following individuals: John Hanley, Skeets Humphries and Ray Davis.
[2] Pursuant to Loc.R. 6(A), we sua sponte remove this case from the accelerated calendar and place it on the regular calendar for purposes of issuing this opinion.