OPINION
{¶ 1} Plaintiffs-appellants, James and Michael DeAscentis ("appellants"), appeal from the December 29, 2003 entry of the Franklin County Court of Common Pleas granting partial summary judgment to defendants-appellees (referred to collectively as "appellees"), Vincent J. Margello, Jr. ("Margello"), and Community Builders, Inc. ("CBI").
 {¶ 2} Appellants also appeal the trial court's denial of the motion for partial summary judgment filed by appellant, James DeAscentis ("DeAscentis"), which decision was also journalized in the court's December 29, 2003 judgment entry. Finally, appellants appeal the trial court's January 24, 2003 decision denying in part their motion to compel the production of certain documents appellants deemed essential to proof of the existence of an alleged partnership and to proof of damages. Appellees have pursued a cross-appeal arguing that the trial court should have granted them partial summary judgment not just on the single ground cited by the trial court, that certain of DeAscentis' claims are barred by the statute of frauds, but also on the ground that the applicable statutes of limitation bar those same claims.
 {¶ 3} Our summary of the relevant factual and procedural context of the present appeal contains facts undisputed by the parties unless otherwise noted. DeAscentis and Margello are first cousins. Margello is the president and sole shareholder of CBI. According to the second amended complaint ("complaint"), in 1989, and then again in May 1993, DeAscentis and Margello orally agreed to work together to acquire, develop and sell real property in connection with two condominium development projects named "Sharon Woods Senior Village #1" and "Sharon Woods Senior Village #2." The complaint states that appellants and appellees "mutually agreed to work together to develop the properties to build and, later, sell condominium units designed as retirement communities." (Complaint, at ¶ 4.)
 {¶ 4} Appellants also allege that they entered into agreements to work with appellees to acquire, develop and sell residential real estate with respect to two other development projects, known as "President's Club" and "Lakes of Powell." In paragraph 6 of the complaint, appellants allege that, though the parties initially equally divided the expenses and the profits arising from the projects, "over the past several years" Margello and CBI have refused to pay profits appellants feel are due and owing to them from the projects, and have failed to account for the proceeds of all of the units sold.
 {¶ 5} DeAscentis alleges that he is owed rent proceeds, plus unencumbered title to five condominiums from the Sharon Woods Senior Village projects. He also alleges he is owed rent proceeds from the President's Club and Lakes of Powell projects. Michael DeAscentis alleges that he is owed monies for "professional and accounting services" he rendered to appellees in connection with all of the projects.
 {¶ 6} Appellants instituted this action on January 3, 2001. They filed their first amended complaint on March 6, 2001. They filed a notice of amendment of their prayer for relief on August 13, 2001. On October 10, 2001, appellees filed a motion for partial summary judgment in which they argued that all of DeAscentis' claims related to the Sharon Woods Senior Village projects were barred by both the statute of frauds and by the applicable statutes of limitation. On October 19, 2001, appellants moved for leave to file a second amended complaint. On the same date, appellants filed a motion to compel discovery seeking an order compelling appellees and their accountants to produce documents that had not been produced in response to requests for same. Appellants also requested additional time within which to respond to appellees' motion for summary judgment, pending resolution of the outstanding discovery issues, which motion was granted.
 {¶ 7} Following an in camera inspection of the documents sought, the court granted in part and denied in part appellants' motion to compel, and ordered appellees to produce copies of certain of the requested documents. On January 8, 2002, the court granted appellants' October 19, 2001 motion to amend their complaint. In the complaint, appellants assert claims against both Margello and CBI on the separate theories of declaratory judgment, breach of contract, unjust enrichment, accounting and winding up, breach of fiduciary duties, conversion, fraud and promissory estoppel. Along with their answer to the complaint, appellees assert counterclaims for abuse of process and violation of Ohio's frivolous conduct statute, R.C. 2323.51.
 {¶ 8} Following numerous delays, on June 23, 2003, DeAscentis filed his memorandum contra to appellees' motion for partial summary judgment, and filed his own motion for partial summary judgment, seeking judgment as a matter of law on his claims for breach of contract with respect to all of the projects subject of the complaint.
 {¶ 9} On October 20, 2003, the trial court journalized a decision and entry denying DeAscentis' motion for partial summary judgment and granting appellees' motion for partial summary judgment. Specifically, the court concluded that the statute of frauds bars DeAscentis' breach of contract claims related to the Sharon Woods Senior Village projects. The court characterized DeAscentis' unjust enrichment claims as an "alternative" theory of recovery that becomes potentially viable only when it is determined that no contract existed. The court found that since the parties agree that there was some agreement between them (the dispute being whether the agreement was a partnership or an employment agreement) then the unjust enrichment theory does not come into play. Therefore, the court granted summary judgment to appellees with respect to DeAscentis' unjust enrichment claims as the same pertained to the Sharon Woods Senior Village projects.
 {¶ 10} The court's decision contains no discussion of DeAscentis' declaratory judgment, unjust enrichment, accounting and winding up, breach of fiduciary duties, conversion, fraud or promissory estoppel claims respecting the Sharon Woods Senior Village projects. But its judgment entry grants summary judgment to appellees as to "all claims asserted by Plaintiff James DeAscentis, with respect to the projects described in the pleadings as Sharon Woods Senior Village I and Sharon Woods Senior Village II," Since courts speak only through their journal entries,[1] we treat DeAscentis' remaining seven claims respecting the Sharon Woods Senior Village projects as having been dismissed.
 {¶ 11} DeAscentis' claims related to the President's Club and Lakes of Powell projects, all of Michael DeAscentis' claims, and appellees' counterclaims for abuse of process and frivolous conduct remain pending for adjudication. The court included in its judgment entry a certification, pursuant to Civ.R. 54(B), that "[t]here is no just reason for delay."
 {¶ 12} Thereafter, appellants timely appealed, and assert the following three assignments of error:
1. The trial court erred by granting summary judgment to the defendants.
2. The trial court erred by denying summary judgment to the plaintiffs.
3. The trial court erred by denying discovery to plaintiffs which was essential to the partnership and other material issues.
 {¶ 13} On their cross-appeal, appellees assert one assignment of error as follows:
The trial court erred in failing to grant summary judgment in favor of Defendants/Appellees/Cross-Appellants Vincent J. Margello, Jr. and Community Builders, Inc. based upon their statute of limitations defense.
 {¶ 14} In their first and second assignments of error, appellants argue that the court erred in granting summary judgment in favor of appellees on DeAscentis' claims related to the Sharon Woods Senior Village projects, and also in denying DeAscentis' motion for partial summary judgment as to his breach of contract claims. We do not reach the merits of these assignments of error, however, because we lack jurisdiction to do so.
 {¶ 15} The question of whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court. ChefItaliano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, 87,541 N.E.2d 64; State ex rel. White v. Cuyahoga Co. Metropolitan HousingAuth. (1997), 79 Ohio St.3d 543, 544, 684 N.E.2d 72. Pursuant to Section3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts.
 {¶ 16} "* * * [T]he entire concept of `final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Chef Italiano Corp., supra, at 94, quotingLantsberry v. Tilley Lamp Co. (1971), 27 Ohio St.2d 303, 306, 56 O.O.2d 179, 272 N.E.2d 127. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel. Keith v. McMonagle, 103 Ohio St.3d 430;2004-Ohio-5580, 816 N.E.2d 597, at ¶ 4, citing Bell v. Horton (2001),142 Ohio App.3d 694, 696, 756 N.E.2d 1241. "A `final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. UnitedStates (1945), 324 U.S. 229, 233. 65 S. Ct. 631, 89 L. Ed. 911.
 {¶ 17} To be final and appealable, an order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties, as does the order in the present case, must meet the finality requirements of R.C. 2505.02 and must properly contain the lower court's certification pursuant to Civ.R. 54(B). Noble v. Colwell
(1989), 44 Ohio St.3d 92, 540 N.E.2d 1381, syllabus. In Wisintainer v.Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 617 N.E.2d 1136, the Supreme Court of Ohio set forth a two-step process by which an appellate court is to determine whether an appeal certified under Civ.R. 54(B) is a final appealable order. The court stated:
An appellate court's review of the trial court's grant of certification should be a two-step process. First, the focus of the appellate court's review should be on whether the order appealed is "final" as defined by R.C. 2505.02. The reviewing court should concentrate on answering that predominantly legal question of whether the order sought to be appealed affects a substantial right and whether it in effect determines an action and prevents a judgment. It is in the first step of the review process that the court of appeals plays its most important role.
Second, the appellate court should review the trial court's determination, required by Civ.R. 54(B), that "there is no just reason for delay." As this court has held in the past, the phrase "no just reason for delay" is not a mystical incantation that transforms a non-final order into a final appealable order * * * Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order.
Id. at 354.
 {¶ 18} We begin with the first step of the Wisintainer analysis. Section 2505.02(B) of the Ohio Revised Code defines a final order, in pertinent part, as follows:
(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment[.]
According to the language of R.C. 2505.02(B), in order to be final, the order granting and denying partial summary judgment in the present case must affect a substantial right and either determine the action and prevent a judgment, or be made in a special proceeding.
 {¶ 19} "`Substantial right' means a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). It involves the notion of a legal right that will be enforced and protected by law. Noble, supra, at 94, citing North v. Smith (1906),73 Ohio St. 247, 249, 76 N.E. 619. DeAscentis' claims for breach of contract, unjust enrichment, accounting and winding up, breach of fiduciary duties, conversion, fraud and promissory estoppel related to the Sharon Woods Village projects and dismissed by the trial court, clearly involve substantial rights. But unless the trial court's orderaffects these substantial rights, the order is not final. Burt v.Harris, 10th Dist. No. 03AP-194, 2004-Ohio-756, at ¶ 12. An order that affects a substantial right has been perceived to be one which, if not immediately appealable, would foreclose appropriate relief in the future. Bell v. Mt. Sinai Med. Ctr. (1993), 67 Ohio St.3d 60, 63,616 N.E.2d 181; Burt, supra, at ¶ 12. If we delay our review of DeAscentis' non-declaratory claims related to the Sharon Woods Village projects until after appellants' action is fully adjudicated, appellants still have appropriate relief available to them in the future in the form of another appeal. See ibid. Therefore, we conclude that the trial court's order granting appellees summary judgment on these claims is not a final order.
 {¶ 20} The order granting summary judgment on the breach of contract, unjust enrichment, accounting and winding up, breach of fiduciary duties, conversion, fraud and promissory estoppel related to the Sharon Woods Village projects is not final for a second reason; that is, it does not "in effect determine the action and prevent a judgment." Two legal theories that require proof of substantially different facts are considered separate claims for purposes of Civ.R. 54(B). State ex rel.Wright v. Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82, 86,661 N.E.2d 728; State ex rel. Ohio Congress of Parents and Teachers v.State of Ohio Bd. of Education, 10th Dist. No. 03AP-508, 2004-Ohio-4421, at ¶ 12. The phrase "claim for relief," as used in Civ.R. 54(B), is synonymous with "cause of action." Noble v. Colwell (1989),44 Ohio St.3d 92, 95, 540 N.E.2d 1381.
 {¶ 21} In this case, the trial court's order left all seven of DeAscentis' legal theories, or causes of action, pending against appellees; that is, none of DeAscentis' causes of action was entirely dismissed. No single claim has been entirely resolved and the trial court has not resolved all of the issues as to any one defendant. Accordingly, the court's order granting partial summary judgment is not a final order because it does not determine the action and prevent a judgment. SeeJackson v. Scioto Downs, Inc. (1992), 80 Ohio App.3d 756, 757-758,610 N.E.2d 613.
 {¶ 22} Likewise, the portion of the order granting appellees summary judgment on DeAscentis' Sharon Woods Village-related declaratory judgment claim is not final, though it was made in a "special proceeding." "`Special proceeding" means an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." R.C. 2505.02(B)(1). An action for declaratory judgment is a special proceeding. General Acc. Ins. Co. v. Ins. Co. ofNorth America (1989), 44 Ohio St.3d 17, 540 N.E.2d 266, at paragraph two of the syllabus.
 {¶ 23} The portion of the judgment relating to DeAscentis' declaratory judgment claim is not final for two reasons. First, it does not affect a substantial right, in that DeAscentis will still have a meaningful opportunity for review by way of a later appeal. See Burt, supra. Second, it fails to declare the rights and obligations of the parties. "When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." Caplinger v. Raines, 4th Dist. No. 02CA2683, 2003-Ohio-2586, ¶ 3. See, also, Haberley v. NationwideMut. Fire Ins. Co. (2001), 142 Ohio App.3d 312, 314, 755 N.E.2d 455. A declaratory judgment action may not be ideally suited for summary judgment because it is an action seeking a declaration of the rights and obligations of the parties. Waldeck v. N. College Hill (1985),24 Ohio App.3d 189, 190, 24 OBR 280, 493 N.E.2d 1375. Therefore, "[a]s a general rule, a court fails to fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document or law [or contract] under consideration." Nickschinksi v. Sentry Ins.Co. (1993), 88 Ohio App.3d 185, 189, 623 N.E.2d 660; Waldeck, supra, at paragraph two of the syllabus.
 {¶ 24} In this case, the trial court granted appellees' motion for summary judgment with respect to the Sharon Woods Village-related claim for declaratory judgment without setting forth the parties' respective rights and obligations. This is particularly problematic because the complaint requested a judgment declaring that "the parties were either partnerships, close corporations, or, alternatively, a joint venture in each project * * *," (Complaint, at ¶ 8), yet, in denying appellants' motion for summary judgment on their breach of contract claims, the trial court noted that, "[i]t is already agreed that there was an agreement. The dispute essentially regards a partnership versus an employment relationship." (Decision Denying Plaintiffs' Motion for Summary Judgment, at 7.) When it granted summary judgment to appellees on DeAscentis' declaratory judgment claim respecting the Sharon Woods Village projects, the trial court was obligated to set forth the parties' rights and obligations in connection with those projects, since this was the heart of the relief sought in DeAscentis' declaratory judgment claim. Because the court failed to do so (and perhaps could not do so because other claims for declaratory relief remained pending), and because the order does not affect a substantial right (as discussed above), the portion of the order granting partial summary judgment to appellees on the declaratory judgment claim is not a final order.
 {¶ 25} The portion of the trial court's order denying DeAscentis' motion for partial summary judgment, addressed in appellants' second assignment of error, is likewise not final. Ordinarily, a denial of a motion for summary judgment is not a final appealable order, but where the matter is submitted upon cross-motions and a final judgment was entered against the appellant, an appellate court properly may review the denial of the cross-motion. Waterfield Financial Corp. v. Gilmer, 10th
Dist. No. 04AP-252, 2005-Ohio-1004, at ¶ 45, n. 1. Cincinnati Ins. Co.v. Thompson Ward Leasing Co., 158 Ohio App.3d 369, 374,2004-Ohio-3972, 815 N.E.2d 1126. However, because we have concluded that the entry of summary judgment against DeAscentis is not a final judgment, we lack jurisdiction to review the denial of DeAscentis' own motion for summary judgment. The portion of the trial court's entry denying that motion does not determine the action and prevent a judgment. See R.C. 2505.02(B)(1). Therefore, it is not final and appealable.
 {¶ 26} Having determined that no part of the trial court's December 29, 2003 entry is final, we need not proceed to the second step of theWisintainer analysis, which involves review of the trial court's Civ.R. 54(B) certification of "no just reason for delay."
 {¶ 27} In their third assignment of error, appellants argue that the trial court erred in partially overruling their motion to compel discovery of certain documents. "Discovery orders are pretrial aids to the final disposition of litigation." State ex rel. Steckman v. Jackson
(1994), 70 Ohio St.3d 420, 437-438, 639 N.E.2d 83, quoting Kennedy v.Chalfin (1974), 38 Ohio St.2d 85, 89, 67 O.O.2d 90, 310 N.E.2d 233. They are not special proceedings, as that term is used in R.C. 2505.02.Kennedy, supra, at 89. Thus, discovery orders are interlocutory and, as such, are neither final nor appealable. More specifically, ordersdenying discovery are generally not final and appealable. See State exrel. Daggett, v. Gessaman (1973), 34 Ohio St.2d 55, 63 O.O.2d 88,295 N.E.2d 659. In our view, the trial court's order partially overruling appellants' motion to compel discovery meets none of the criteria set forth in R.C. 2505.02 such as would justify a departure from the general rule that such orders are not final and appealable. Accordingly, we find that it is not final, and we therefore lack jurisdiction to review it.
 {¶ 28} Having determined that neither of the orders subject of appellants' assignments of error are final, we conclude that we lack jurisdiction to pass upon the merits of any of the assignments of error. Accordingly, appellants' appeal must be dismissed.
 {¶ 29} We now turn to the cross-appeal. Thereunder, appellees argue that the trial court erred in not granting their motion for partial summary on a second ground, in addition to the ground cited by the trial court. Where a trial court declines to consider one argument raised in a motion for summary judgment but grants the motion on the basis of a second argument, the first argument is not properly before the court of appeals. Murray v. Grange Mutual Casualty Co., 5th Dist. No. 2003CA00047, 2003-Ohio-3365, at ¶ 9. See, also, Endicott v. Johrendt (June 22, 2000), 10th Dist. No. 99AP-935, discretionary appeal not allowed (2000),90 Ohio St.3d 1449, 737 N.E.2d 53. Appellees' cross-appeal is, therefore, without merit.
 {¶ 30} In consideration of all of the foregoing, appellants' appeal is dismissed and appellees' sole assignment of error in their cross-appeal is overruled.
Appeal dismissed; appellees' cross-appeal overruled.
Petree and Klatt, JJ., concur.
[1] Kaine v. Marion Prison Warden (2000), 88 Ohio St.3d 454, 455,727 N.E.2d 907. See, also, State ex rel. White v. Junkin (1997),80 Ohio St.3d 335, 337, 686 N.E.2d 267.