OPINION
{¶ 1} Plaintiff-appellant, Ronald R. Browder ("Browder") was injured when the automobile he was driving was struck by an automobile operated by John M. Shea ("Shea"), an uninsured motorist. At the time of the accident, Browder was the named insured under an automobile liability policy issued by defendant-appellee, Allstate Insurance Company ("Allstate"), which provided uninsured/underinsured motorist ("UM/UIM") coverage. Browder filed a complaint in the Franklin County Court of Common Pleas seeking monetary damages, jointly and severally, from Shea and Allstate. Browder also sought a declaratory judgment against Allstate as to his rights under the policy.
 {¶ 2} Allstate answered the complaint and filed a cross-claim against Shea. Allstate sought a determination as to the rights and obligations of the parties under the insurance policy as well as a declaration that Shea would be obligated to indemnify Allstate for any judgment Browder obtained against Allstate. Allstate's answer and cross-claim included a jury demand.[1]
 {¶ 3} The trial court entered a default judgment on the issue of liability against Shea and referred the issue of Browder's damages to a magistrate for hearing. Upon notice of the hearing, Allstate notified Browder and the magistrate that it had demanded a jury trial and did not intend to participate or be bound by an award arising from the default damages hearing. Thereafter, the magistrate heard the evidence and subsequently issued a decision finding that Browder sustained damages of $35,000 as the proximate result of Shea's negligence and recommending that the trial court grant judgment to Browder in that amount. On the same date, counsel for Browder and Allstate, by stipulation, agreed to have their case tried to a jury before a magistrate. The trial court thereafter referred the case to a magistrate for jury trial to be held October 18, 2004.
 {¶ 4} The trial court adopted the magistrate's decision and entered judgment against Shea in the amount of $35,000. On the same date, upon Browder's oral motion, the trial court granted the parties leave to file cross-motions for summary judgment on the issue of whether Allstate was bound as a matter of law by the default judgment entered against Shea.
 {¶ 5} Thereafter, Browder filed a motion for summary judgment asserting that Allstate was bound as a matter of law by the default judgment of $35,000 against Shea based upon its provision of UM coverage. Browder argued that by failing to enforce its jury demand at the default judgment damages hearing, Allstate waived its right to a jury trial and was collaterally estopped from demanding a second trial before a jury on the issue of Browder's damages. Accordingly, Browder requested that the court order summary judgment in his favor on his UM/UIM claim in the amount of $35,000. Allstate filed a memorandum contra, arguing that Browder's summary judgment motion should be denied because Allstate never waived its right to a jury trial and the default judgment against Shea did not establish damages as to Allstate where Allstate had not been afforded its right to a jury trial. Browder filed a reply memorandum, arguing that Allstate had no right to a jury trial because Allstate sought only declaratory relief on its contractual obligations and not a monetary recovery from Browder.
 {¶ 6} On October 13, 2004, the trial court journalized a decision and entry denying Browder's motion for summary judgment. Specifically, the court concluded that summary judgment was not appropriate because Allstate, a named party in the action, demanded its right to a jury determination of all issues and indicated its reliance upon that right both to Browder and to the court, thus making its intention to defend clear from the time it filed its responsive pleading. The court averred that the issue of damages would be resolved at the October 18, 2004 jury trial.
 {¶ 7} Subsequently, Browder filed a motion for reconsideration and a motion for an order striking Allstate's jury demand. Allstate responded to both motions. Before the trial court had an opportunity to rule on the motions, Browder filed a notice of appeal from the trial court's October 13, 2004 decision and entry. Browder sets forth a single assignment of error, as follows:
The trial court erred to the prejudice of plaintiff-appellant, Ronald Browder, in denying his motion for summary judgment on his claim for declaratory relief that he has satisfied all of the conditions precedent for perfecting an uninsured motorist claim against his Allstate insurance policy at issue in the amount of $35,000.00.
 {¶ 8} Preliminarily, we must address Allstate's motion to strike Browder's notice of appeal for lack of a final appealable order. Allstate contends the trial court's order is not final and appealable because it denies summary judgment and does not include a certification, pursuant to Civ. R. 54(B), that "there is no just reason for delay." Browder responds that the order is final and appealable pursuant to R.C. 2505.02(B)(1) and (2).
 {¶ 9} "The denial of a motion for summary judgment generally is considered an interlocutory order not subject to immediate appeal."Stevens v. Ackman (2001), 91 Ohio St.3d 182, 186, citing Celebrezze v.Netzley (1990), 51 Ohio St.3d 89, 90 and State ex rel. Overmeyer v.Walinski (1966), 8 Ohio St.2d 23. In this case, Browder urges that two exceptions to this general rule apply so that the trial court order at issue is subject to an immediate appeal.
 {¶ 10} Section 3(B)(2), Article IV of the Ohio Constitution and R.C. 2505.03 restrict appellate jurisdiction to the review of final orders, judgments or decrees of inferior courts. State ex rel. Wright v.Ohio Adult Parole Auth. (1996), 75 Ohio St.3d 82, 84. "* * * [T]he entire concept of `final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." Noble v.Colwell (1989), 44 Ohio St.3d 92, 94, quoting Lantsberry v. Tilley LampCo. (1971), 27 Ohio St.2d 303, 306. "A judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." State ex rel. Keith v. McMonagle,103 Ohio St.3d 430, 2004-Ohio-5580, at ¶ 4, quoting Bell v. Horton
(2001), 142 Ohio App.3d 694, 696.
 {¶ 11} "An order of a court is a final, appealable order only if the requirements of both Civ. R. 54(B), if applicable, and R.C. 2505.02 are met." Chef Italiano Corp. v. Kent State Univ. (1989), 44 Ohio St.3d 86, syllabus. If an order is not final and appealable, an appellate court lacks jurisdiction to review the matter and must dismiss the appeal.Davison v. Rini (1996), 115 Ohio App.3d 688, 692.
 {¶ 12} R.C. 2505.02(B)(1) and (2), provide in relevant part:
An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
(2) An order that affects a substantial right made in a special proceeding * * * [.]
 {¶ 13} Pursuant to R.C. 2505.02(B)(1), to be final, an order must affect a substantial right in an action that in effect determines the action and prevents a judgment. R.C. 2505.02(A)(1) defines "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." A substantial right is a legal right that is entitled to enforcement and protection by law. Chef Italiano,
at 88. Browder is correct in asserting that he has a substantial right in the enforcement of the terms of his policy with Allstate. See Marsh v.State Auto Mut. Ins. Co. (1997), 123 Ohio App.3d 356, 358. However, unless the trial court's order affects the substantial right Browder asserts, the order is not final. Burt v. Harris, Franklin App. No. 03AP-194, 2004-Ohio-756, at ¶ 12. An order affecting a substantial right is "one which, if not immediately appealable, would foreclose appropriate relief in the future." Bell v. Mt. Sinai Med. Ctr. (1993),67 Ohio St.3d 60, 63.
 {¶ 14} Contrary to Browder's assertion, the trial court's order denying summary judgment does not affect his substantial right to enforcement of the terms of his policy with Allstate nor does it determine the action and prevent a judgment. The trial court did not determine, as Browder argues, that he does not possess a legally enforceable right to proceeds of $35,000 under the UM provision of his policy with Allstate. Rather, the trial court merely determined that Browder is not entitled to a damage award of $35,000 from Allstate, as a matter of law, occasioned by the default judgment against Shea, because Allstate asserted its right to have a jury determine its damages. Pursuant to the trial court's order, Browder will be entitled to insurance proceeds under the policy if he can prove to the jury that he is entitled to such proceeds. The order expressly leaves the issue of damages unresolved and contemplates further action. If we delay our review of Browder's non-declaratory claims until after Browder's action is fully adjudicated, Browder will still have appropriate relief available to him in the future in the form of a subsequent appeal. In addition, the order does not prevent Browder from proceeding with collection on the default judgment obtained against Shea. Since the trial court's order does not affect a substantial right, determine Browder's claim, or prevent him from obtaining a judgment against Allstate, it does not qualify as a final order under R.C. 2505.02(B)(1).
 {¶ 15} We next address Browder's claim that the trial court's order is final pursuant to R.C. 2505.02(B)(2). Pursuant to R.C. 2505.02(B)(2), to be final, an order must affect a substantial right made in a special proceeding. R.C. 2505.02(A)(2) defines "special proceeding" as "an action or proceeding that is specially created by statute and that prior to 1853 was not denoted as an action at law or a suit in equity." "A declaratory judgment action is a special proceeding pursuant to R.C. 2505.02 and, therefore, an order entered therein which affects a substantial right is a final appealable order." General Acc. Ins. Co. v. Ins. Co. of NorthAmerica (1989), 44 Ohio St.3d 17, paragraph two of the syllabus.
 {¶ 16} The trial court's order is not final under R.C. 2505.02(B)(2) for two reasons. First, as we have already determined, it does not affect a substantial right, in that Browder will still have a meaningful opportunity for review, in the form of an appeal, any subsequent trial court order adjudicating Browder's claims against Allstate. See Bell,
supra. Second, it fails to declare the rights and obligations of the parties. "When a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." Caplinger v. Raines,
Ross App. No 02CA2683, 2003-Ohio-2586, at ¶ 3, citing Haberley v.Nationwide Mut. Fire Ins. Co. (2001), 142 Ohio App.3d 312. Generally, a trial court does not fulfill its function in a declaratory judgment action when it disposes of the issues by journalizing an entry merely sustaining or overruling a motion for summary judgment without setting forth any construction of the document under consideration. Nickschinskiv. Sentry Ins. Co. (1993), 88 Ohio App.3d 185, 189. Here, the trial court denied Browder's motion for summary judgment without setting forth the parties' respective rights and obligations under the policy. Because it does not do so, the order is not a final order under R.C. 2505.02(B)(2).
 {¶ 17} Finally, Browder's reliance on Sword v. Allstate Ins. Co.
(Nov. 19, 1991), Franklin App. No. 91AP-377, for the proposition that the challenged order is a final appealable order, is misplaced. In Sword, the plaintiff was involved in an automobile accident with a tortfeasor who was insured by Motorists Mutual Insurance Company ("Motorists"). The plaintiff had UM coverage through Allstate. The plaintiff sued the tortfeasor, and Motorists provided the tortfeasor's defense. Plaintiff's counsel notified Allstate of the trial date on plaintiff's claims against the tortfeasor and advised Allstate of the probability that Motorists would deny coverage to the tortfeasor after trial and that plaintiff would thereafter present a UM claim under the Allstate policy. Plaintiff's counsel requested Allstate to advise if it objected to continuing legal proceedings against the tortfeasor. Allstate did not respond.
 {¶ 18} Following a jury trial at which the tortfeasor failed to appear, the jury found the tortfeasor liable and awarded the plaintiff damages. The jury verdict was reduced to judgment and no appeal was taken therefrom. Thereafter, the plaintiff made a formal demand upon Motorists for payment of the judgment amount. Motorists denied coverage due to the tortfeasor's failure to participate in the defense. The plaintiff filed a claim in the amount of the judgment against his UM/UIM coverage with Allstate. Allstate refused to honor the judgment, contending that under the terms of the plaintiff's policy, Allstate's written consent was required in order to bind Allstate to any judgment taken against the tortfeasor. Allstate also disputed the amount of the plaintiff's claim and demanded arbitration as provided in the insurance policy.
 {¶ 19} The plaintiff then filed an action seeking, inter alia, a declaration that Allstate was bound by the prior judgment as a matter of law. The parties filed cross-motions for summary judgment; the trial court denied the plaintiff's motion and granted Allstate's. The plaintiff appealed. In deciding to hear the immediate appeal of the denial of the plaintiff's motion for summary judgment, this court stated, "[a]lthough it was plaintiff who moved for summary judgment on his declaratory judgment claim, the denial of plaintiff's motion has the effect of precluding recovery on that claim `as a matter of law.' Accordingly, the trial court entry of judgment is a final appealable order within the meaning of Civ. R. 54." Sword, at fn. 1.
 {¶ 20} Contrary to Browder's assertion, the circumstances herein are not identical to those in Sword. As noted previously, the parties inSword filed cross-motions for summary judgment; the trial court denied the plaintiff's motion and granted Allstate's. Where a matter is submitted upon cross-motions of the parties, and a final judgment is entered against a party, an appellate court may properly review the denial of that party's cross-motion. DeAscentis v. Margello, Franklin App. No. 04AP-4, 2005-Ohio-1520, at ¶ 25. ("Ordinarily, a denial of a motion for summary judgment is not a final appealable order, but where the matter is submitted upon cross-motions and a final judgment was entered against the appellant, an appellate court properly may review the denial of the cross-motion.") Here, the parties did not file cross-motions for summary judgment — only Browder filed a motion — and no final judgment was entered against Browder. Further, the trial court's order in Sword effectively precluded any recovery for the plaintiff on its claim against Allstate. No further proceedings were contemplated in the trial court's order. Here, as discussed earlier, the trial court's order does not preclude Browder from recovering on his claim against Allstate; rather, the order merely determined that Browder is not entitled to a damage award of $35,000 from Allstate, as a matter of law, occasioned by the default judgment against Shea, because Allstate asserted its right to have a jury determine its damages. The order clearly contemplates further proceedings on Browder's claims against Allstate.
 {¶ 21} Having determined that the order from which Browder appeals is not a final appealable order, we lack jurisdiction to pass upon the merits of the assignment of error. Accordingly, Browder's appeal must be dismissed.
 {¶ 22} For the foregoing reasons, Browder's appeal is dismissed.
Appeal dismissed.
Klatt and Sadler, JJ., concur.
CHRISTLEY, J., retired of the Eleventh Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] The trial court consolidated the instant case with a separate action brought by Browder against Allstate and a different tortfeasor involving claims arising out of a separate motor vehicle accident. Issues related to that action are not pertinent in this appeal.