[Cite as *O'Toole v. Dove*, 2013-Ohio-5539.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Colleen Mary O'Toole,                          :

    Plaintiff-Appellant,                       :

                           No. 12AP-955

v.                                             :          (C.P.C. No. 12CVH-08-10936)

Richard A. Dove, Esq. et al.,                  :          **(REGULAR CALENDAR)**

    Defendants-Appellees.                      :

---

D E C I S I O N

Rendered on December 17, 2013

---

*Berkman, Gordon, Murray, & DeVan, J. Michael Murray and Raymond V. Vasvari, Jr.*, for appellant.

*Michael DeWine,* Attorney General, *Aaron D. Epstein, and Ryan L. Richardson*, for appellees.

---

APPEAL from the Franklin County Court of Common Pleas

McCORMAC, J.

{¶ 1} Plaintiff-appellant, Colleen Mary O'Toole ("plaintiff"), appeals from a judgment of the Franklin County Court of Common Pleas denying summary judgment to plaintiff on her complaint seeking declaratory judgment against defendants-appellees. Plaintiff assigns a single error:

> The Common Pleas Court erred as a matter of law in holding that Rules 4.3(A), (C), (D), (E) and (F) of the Ohio Code of Judicial Conduct were not unconstitutional, on their face, under the First and Fourteenth Amendments, by dint of their failing to serve a compelling state interest, their lack of proper tailoring, and their overbreadth and/or vagueness.

Because the denial of a motion for summary judgment does not constitute a final appealable order, we dismiss plaintiff's appeal.

## I. Procedural History

{¶ 2}   On August 29, 2012, plaintiff filed a complaint, pursuant to 42 U.S.C. 1983, alleging Rule 4.3 of the Ohio Code of Judicial Conduct was unconstitutional under the First and Fourteenth Amendments to the United States Constitution. On September 25, 2012, plaintiff filed a motion for summary judgment on her claim that Rules 4.3(A), (C), (D), (E), and (F) of the Ohio Code of Judicial Conduct are facially unconstitutional. After the parties fully briefed the issues, the trial court denied the motion for summary judgment on October 25, 2012.

## II. Assignment of Error

{¶ 3}   Before addressing the merits of the assigned error, we must first determine whether the trial court's decision denying summary judgment is a final appealable order.

{¶ 4}   Under Article IV, Section 3(B)(2) of the Ohio Constitution, the jurisdiction of an appellate court is limited to final appealable orders. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). Pursuant to R.C. 2505.02(B) as relevant here, a final appealable order is an order that: (1) "affects a substantial right in an action that in effect determines the action and prevents a judgment," or (2) "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." A "[s]ubstantial right" means a "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1).

{¶ 5}   When the trial court denied plaintiff's motion for summary judgment, the court's decision did not determine or prevent a judgment in plaintiff's favor. Therefore, it does not constitute a final order under the first category of R.C. 2505.02. *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90 (1990).

{¶ 6}   A declaratory judgment action is a special proceeding under the second category of R.C. 2505.02. However, the trial court's decision denying plaintiff's motion for summary judgment cannot be considered an order affecting substantial rights since it does not foreclose appropriate relief following a subsequent adverse final judgment. *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993) (finding an order affecting substantial

rights is "one which, if not immediately appealable, would foreclose appropriate relief in the future"); *Balson v. Dodds*, 62 Ohio St.2d 287 (1980), paragraph one of the syllabus ("A trial court's denial of a motion for summary judgment is reviewable on appeal by the movant from a subsequent adverse final judgment."). "An overruled summary judgment motion, even if made in a special proceeding, does not affect a substantial right under R.C. 2505.02, because 'the court refused to make an "order," within the statutory meaning of that word, on the motion for summary judgment, and retained the case for trial on the merits.' " *Cincinnati Ins. Co. v. Robert W. Setterlin & Sons*, 10th Dist. No. 07AP-47, 2007-Ohio-5094, ¶ 37, quoting *Swanson v. Ridge Tool Co.*, 113 Ohio App. 357, 359 (9th Dist.1961). Therefore, the denial of plaintiff's motion for summary judgment does not constitute a final order under the second category of R.C. 2505.02.

{¶ 7}   Finally, we note that the trial court's use of Civ.R. 54(B) language "does not turn an otherwise non-final order into a final appealable order." *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).

## III. Disposition

{¶ 8}   Given the foregoing, the record fails to present a final appealable order for this court's consideration. Lacking jurisdiction to consider something less than a final appealable order, we are compelled to dismiss plaintiff's appeal.

*Appeal dismissed.*

TYACK and DORRIAN, JJ., concur.

McCORMAC, J., retired, formerly of the Tenth Appellate District, assigned to active duty under authority of the Ohio Constitution, Article IV, Section 6(C).