[Cite as *Weldele v. Brice*, 2022-Ohio-3246.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Philip M. Weldele et al., | : | |
| Plaintiffs-Appellees, | : | No. 21AP-248 |
| | | (C.P.C. No. 15CV-11145) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Village of Brice, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N
Rendered on September 15, 2022

**On brief:** *David A. Goldstein Co., LPA*, and *David A. Goldstein* for appellees.

**On brief:** *Isaac Wiles & Burkholder, LLC*, and *Brian M. Zets* for appellant. **Argued:** *Brian M. Zets*.

APPEAL from the Franklin County Court of Common Pleas

JAMISON, J.

{¶ 1} Defendant-appellant, Village of Brice ("Village"), appeals from a judgment of the Franklin County Court of Common Pleas denying, in part, the Village's motion for summary judgment. For the reasons that follow, we dismiss the appeal.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} In 2015, the Village enacted an ordinance creating a Civil Violations Bureau ("CVB"), authorizing the Chief of Police to ticket motorists for speeding violations within Village limits, and authorizing a Village administrative hearing officer to hear and determine the motorist's civil liability administratively. On July 21, 2015, the Chief of Police ticketed Philip Weldele for speeding after having observed Weldele driving in excess of the posted speed limit. Weldele paid the $125 fine assessed on the notice of violation form without requesting an administrative hearing.

{¶ 3}   On December 10, 2015, appellees filed a class action complaint in the court of common pleas asserting claims for fraud, unjust enrichment and at least as construed by the trial court declaratory relief.[1]   In the complaint, appellees allege the ordinance establishing appellant's CVB is an unconstitutional exercise of appellant's police powers under Ohio Constitution, Article XVIII, Section 3 and Ohio Constitution, Article XVIII, Section 7, because it is in conflict with the specific provisions of the Ohio Revised Code pertaining to the same subject matter.  Appellees' complaint seeks a declaration that the ordinance is unconstitutional, restitution to Weldele and the class members', a determination Weldele and the class members' constitutional rights were violated by the Village, and an award of damages.

{¶ 4}   On October 31, 2017, the trial court issued an "Ordered Directive on Briefing Schedule" requiring the parties to brief numerous issues including whether Weldele failed to exhaust his administrative remedies, and whether Weldele had standing to file the instant action.   (Oct. 31, 2017 Ordered Directive on Briefing Schedule at 1.)   On December 11, 2019, the trial court issued a "Decision and Entry on Ordered Directive" in appellees' favor as to each of the issues briefed.  (Dec. 11, 2019 Decision and Entry on Ordered Directive.)  On February 19, 2020, the trial court issued a journal entry directing the Village to file a motion for summary judgment concerning the issues identified in the October 31, 2017, ordered directive on briefing schedule, and decided in the December 11, 2019, decision and entry on ordered directive.

{¶ 5}   On June 30, 2020, the Village filed a motion for summary judgment seeking judgment as to liability only.  In the motion, the Village claimed that the ordinance creating the CVB represented a constitutional exercise of the Village's home rule authority, the administrative hearing procedures complied with due process, and the CVB did not usurp the jurisdiction of the Franklin County Municipal Court.  The Village argued that fraud and unjust enrichment claims failed as a matter of law, and that the Village was entitled to immunity from liability to appellees in any event.  Appellees filed a memorandum in opposition to the Village's motion for summary judgment, but did not file a cross-motion for summary judgment.

---

[1] The complaint seeks class certification pursuant to Civ.R. 23(B)(2) and (B)(3).

{¶ 6}   On March 1, 2021, the trial court issued a "Decision and Entry Granting in Part Defendant's Motion for Summary Judgment" wherein the trial court determined: 1) the Village ordinance is an exercise of appellant's police power, rather than of local self-government; 2) the relevant state statute, R.C. 4511.21, is a general law; and 3) the ordinance is in conflict with the statute.  Accordingly, the trial court suggested that the ordinance represents an unconstitutional exercise of police powers by the Village which is preempted by state statutory law.  The trial court reasoned that the ordinance is in conflict with state law because there is a significant discrepancy between the punishments imposed for the same behavior.  Specifically, the trial court found that the ordinance decriminalizes traffic violations, does not require assessment of points on a license, and imposes no duty on the Village to notify the Bureau of Motor Vehicles of the violation.  Accordingly, the trial court denied the motion for summary judgment as to the claims for unjust enrichment and declaratory relief.  The trial court did not enter judgment in appellees' favor on either the unjust enrichment claim or the prayer for declaratory relief as no cross-motion for summary judgment had been filed.  The issue of class certification also remains pending in the trial court.

{¶ 7}   On April 14, 2021, the trial court issued a judgment entry incorporating the March 3, 2021 decision and entry, and making a finding of no just cause for delay.  The Village appealed to this court from the April 14, 2021, judgment entry.

## II.  ASSIGNMENTS OF ERROR

{¶ 8}   Appellant assigns the following as trial court error:

> [1.] The Trial Court erred when it determined Plaintiff did not have to exhaust his administrative remedies.

> [2.] The Trial Court erred when it determined Plaintiff's admission of liability, when he paid his civil penalty before filing the instant action, did not bar Plaintiff's claims.

> [3.] The Trial Court erred when it (seemed to) determined the Village of Brice's Ordinance is unconstitutional.

## III.  LEGAL ANALYSIS

{¶ 9} Before addressing the merits of the assigned errors, this court must first determine whether the trial court's decision denying summary judgment is a final appealable order.

{¶ 10} The question whether an order is final and appealable is jurisdictional and can be raised sua sponte by an appellate court. *DeAscentis v. Margello*, 10th Dist. No. 04AP-4, 2005-Ohio-1520, ¶ 15. "If the parties themselves fail to raise the issue of whether or not a judgment constitutes a final, appealable order, we must raise the issue sua sponte.*"* *Premium Bev. Supply, Ltd. v. TBK Prod. Works*, 10th Dist. No. 14AP-90, 2014-Ohio-4171, ¶ 12, quoting *Gates v. Praul*, 10th Dist. No. 09AP-123, 2010-Ohio-2062, ¶ 12, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶ 11} Under Ohio Constitution Article IV, Section 3(B)(2), the jurisdiction of an appellate court is limited to final appealable orders. *O'Toole v. Dove*, 10th Dist. No. 12AP-955, 2013-Ohio-5539, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). " ' "The entire concept of 'final orders' is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof." ' " *DeAscentis* at ¶ 16, quoting *Noble v. Colwell*, 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.*, 27 Ohio St.2d 303, 306 (1971). To be final and appealable, an order that adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the finality requirements of R.C. 2505.02 and must contain the trial court's certification pursuant to Civ.R. 54(B). *DeAscentis* at ¶ 17, citing *Noble* at syllabus. A trial court's use of Civ.R. 54(B) language does not turn an otherwise non-final order into a final appealable order. *O'Toole* at ¶ 7; *Noble* at 96. *See also DeAscentis* at ¶ 17, quoting *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993), ("[T]he phrase 'no just reason for delay' is not a mystical incantation that transforms a non-final order into a final appealable order * * * Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order.") Thus, the question in this case is whether the trial court issued a final order in favor of appellees.

{¶ 12} Pursuant to R.C. 2505.02(B), as is pertinent herein, a final appealable order is an order that: (1) "affects a substantial right in an action that in effect determines the

action and prevents a judgment," or (2) "affects a substantial right made in a special proceeding or upon a summary application in an action after judgment." A "[s]ubstantial right" means a "right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). A declaratory judgment action is a special proceeding within the meaning of R.C. 2505.02(B)(2).

{¶ 13} Ordinarily, a trial court's denial of a motion for summary judgment does not constitute a final order under R.C. 2505.02(B)(1), because it does not determine or prevent a judgment in favor of the moving party at trial. *O'Toole* at ¶ 5, citing *Celebrezze v. Netzley*, 51 Ohio St.3d 89, 90 (1990); *DeAscentis* at ¶ 21. Similarly, " ' "[a]n overruled summary judgment motion, even if made in a special proceeding, does not affect a substantial right under R.C. 2505.02, because 'the court refused to make an "order," within the statutory meaning of that word, on the motion for summary judgment, and retained the case for trial on the merits.' " ' " *O'Toole* at ¶ 6, quoting *Cincinnati Ins. Co. v. Robert W. Setterlin & Sons*, 10th Dist. No. 07AP-47, 2007-Ohio-5094, ¶ 37, quoting *Swanson v. Ridge Tool Co.*, 113 Ohio App. 357, 359 (9th Dist.1961).

{¶ 14} Here, the trial court's March 1, 2021 decision and entry granting in part, the Village's motion for summary judgment clearly disposed of appellees' claim for fraud in favor of the Village. However, the March 1, 2021 decision and entry merely denied appellant's motion for summary judgment as to the claim for unjust enrichment and the prayer for declaratory relief. Accordingly, even though the March 1, 2021, decision and entry was issued in the context of a special proceeding, as the trial court saw it, the judgment did not affect a substantial right because no "order" was issued in appellees favor. Thus, there was no final order in appellees favor for the Village to appeal.

{¶ 15} Though the March 1, 2021, decision and entry expresses a future intent on the part of the trial court to declare the ordinance unconstitutional, nothing in the March 1, 2021 decision and entry prevents the Village from obtaining a meaningful review by way of a later appeal. *See DeAscentis* at ¶ 23, citing *Burt v. Harris*, 10th Dist. No. 03AP-194, 2004-Ohio-756. Moreover, "[w]hen a trial court enters a judgment in a declaratory judgment action, the order must declare all of the parties' rights and obligations in order to constitute a final, appealable order." *DeAscentis* at ¶ 23, quoting *Caplinger v. Raines*, 4th

Dist. No. 02CA2683, 2003-Ohio-2586, ¶ 3. The March 1, 2021, decision and entry fails to declare the rights and obligations of the parties, and makes no award.

**{¶ 16}** It is true that the trial court's April 14, 2021, judgment entry includes a finding of no just reason for delay, pursuant to Civ.R. 54(B). That finding, however, did not convert the non-final order denying summary judgment into a final order in favor of appellees with respect to the claims for declaratory relief and unjust enrichment. *See DeAscentis*; *O'Toole*. Those claims remain pending in the trial court for a final ruling.

**{¶ 17}** For the foregoing reasons, we find that the Village's appeal does not present a final appealable order for this court's consideration. Lacking jurisdiction to consider anything less than a final appealable order, we are compelled to dismiss the appeal.

**IV. CONCLUSION**

**{¶ 18}** Having concluded that the order appealed from was not a final appealable order, we dismiss the appeal for the lack of jurisdiction.

*Appeal Dismissed.*

DORRIAN and NELSON, JJ., concur.

NELSON, J., retired, of the Tenth Appellate District, assigned
to active duty under the authority of the Ohio Constitution,
Article IV, Section 6(C).

_____