[Cite as *Sessley v. Estate of Black*, 2023-Ohio-900.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Tyler Sessley,                                          :

      Plaintiff-Appellant,                    :

                                    No. 22AP-376

v.                                                          :         (C.P.C. No. 18CV-5596)

[Estate of Thelma L. Black] et al.,          :         (REGULAR CALENDAR)

      Defendants-Appellees.                  :

---

D E C I S I O N

Rendered on March 21, 2023

---

**On brief:** *Tyler Sessley*, pro se.  **Argued:** *Tyler Sessley*.

**On brief:** *Baxter & Borowicz Co., LPA, Erik Brunckhorst*, and *Louis M. Borowicz*, for appellee Larry E. Grinston. **Argued:** *Erik Brunckhorst*.

---

APPEAL from the Franklin County Court of Common Pleas

LELAND, J.

{¶ 1} This is an appeal by plaintiff-appellant, Tyler Sessley from Franklin County Court of Common Pleas jury verdict forms finding in favor of defendant-appellee, Estate of Thelma L. Black ("the estate"), on Sessley's claims for breach of contract, unlawful eviction, and abuse of access.

**I. Facts and Procedural History**

{¶ 2} On July 2, 2018, Sessley filed a complaint naming as defendants Thelma L. Black (individually "decedent") and the estate. The complaint alleged Sessley entered into a rental agreement contract with decedent in October 2016 for Sessley's occupancy and use of the residential property located at 1271 E. 15th Avenue, Columbus, in exchange for a monthly rental fee of $450. The complaint alleged causes of action for breach of contract,

abuse of access, and unlawful eviction. The certificate of service of the complaint indicated Sessley sent a copy of the complaint by ordinary mail to "Thelma Black" (decedent) at 1275 E. 15th Avenue, Columbus.

{¶ 3} On September 11, 2018, the trial court filed an entry noting it conducted a status conference on September 10, 2018, at which time Sessley informed the court of decedent's death. On September 12, 2018, Sessley filed a "notice of suggestion of death and substitution of party under Civil Rule 25(A)" stating "Thelma Black died on June 24, 2018" and that Larry Grinston (individually "Grinston") was appointed executor of her estate. The notice further requested the estate "be substituted as the defendant for Thelma Black." After a prolonged delay due to the case's dismissal and eventual reinstatement, the trial court by decision and entry filed March 2, 2020 granted Sessley's motion to substitute the estate.

{¶ 4} On May 16, 2020, Sessley filed a motion for default judgment against the estate. On September 15, 2020, the trial court filed a decision denying the motion for default judgment, after which, on September 22, 2020, Sessley filed a motion to reconsider her motion for default judgment. On October 29, 2020, the trial court filed a decision and entry denying the motion to reconsider.

{¶ 5} On May 27, 2022, a jury rendered verdicts finding in favor of the estate on Sessley's claims for breach of contract, abuse of access, and unlawful eviction. The journal entry accompanying the jury verdict forms includes a notation stating "Case Terminated."

{¶ 6} On June 27, 2022, Sessley filed a notice of appeal from the jury verdict forms, presenting six assignments of error for our review. Each of these interrelated assignments of error essentially challenges the trial court's denial of her motion for default judgment.

## II. Analysis

{¶ 7} Before this court can reach the merits of Sessley's assignments of error, we must determine whether this appeal stems from a final appealable order. The Ohio Constitution, Article IV, Section 3(B)(2) limits the jurisdiction of courts of appeals to "judgments or final orders" of inferior courts. *Weldele v. Brice*, 10th Dist. No. 21AP-248, 2022-Ohio-3246, ¶ 11, citing *O'Toole v. Dove*, 10th Dist. No. 12AP-955, 2013-Ohio-5539, ¶ 4. "[U]pon a general verdict of a jury," the trial court "shall promptly cause the judgment

to be prepared and, the court having signed it, the clerk shall thereupon enter it upon the journal. A judgment is effective only when entered by the clerk upon the journal." Civ.R. 58(A)(1). A jury verdict without a signed court judgment entered on the journal is not a final appealable order and is consequently not ripe for review.

{¶ 8} Neither party has raised the issue of whether there was a final appealable order in this case. " 'If the parties themselves fail to raise the issue of whether or not a judgment constitutes a final, appealable order, we must raise the issue sua sponte.' " *Weldele* at ¶ 10, quoting *Premium Beverage Supply, Ltd. v. TBK Prod. Works, Inc.*, 10th Dist. No. 14AP-90, 2014-Ohio-4171, ¶ 12.

{¶ 9} In the present case, the clerk entered on the journal the jury verdict forms finding in favor of the estate and indicated the case had been terminated. The trial court, however, did not enter any judgment or order to effect the jury's verdict. Because no signed court judgment entered on the journal accompanied the jury verdict forms, there is no judgment or final order available for our review.

**III. Conclusion**

{¶ 10} Upon review, because the jury verdict forms entered on the record on May 27, 2022 have not been reduced to judgment, we are not presented with a final appealable order. Therefore, we dismiss the appeal sua sponte for lack of jurisdiction.

*Appeal dismissed.*

DORRIAN and BOGGS, JJ., concur.

———————